JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Michael Bursey ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} According to the record, appellant was arraigned on July 2, 1990 on one count of rape in violation of R.C. 2907.02 and a specification that the victim was under the age of thirteen. A jury trial was held on March 4, 1991, and appellant was found guilty of the indictment on March 8, 1991. On September 28, 2006, the court conducted a H.B. 180 hearing to determine appellant's sexual registration status. At the close of the hearing, the court determined appellant to be a sexual predator.
 {¶ 3} The victim, an eleven-year-old female, was at the home of her sister's friend at the time of the rape. The victim fell asleep in front of the television and *Page 2 
awoke to find appellant on top of her. The victim started screaming and appellant told her to "shut up." Appellant put his hands around her throat and said he would kill her if she did not "shut up." Appellant put his penis in her vagina and raped her for five minutes. Appellant then got up and left. He threatened to kill her if she told anyone.
 II {¶ 4} First assignment of error: "The evidence presented is not sufficient to prove `by clear and convincing evidence' that appellant is likely to commit a sexually oriented offense in the future."
 {¶ 5} Second assignment of error: "The provisions of Ohio Revised Code Chapter 2950 violate the Fifth and Sixth Amendments of the Constitution of the United States."
 {¶ 6} Third assignment of error: "The provisions of the Ohio Revised Code Chapter 2950 violate the Ex Post Facto Clause of Article I of the Constitution of the United States."
 III {¶ 7} Appellant argues in his first assignment of error that the State did not prove by clear and convincing evidence that he is likely to commit a sexually oriented offense in the future. *Page 3 
 {¶ 8} A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). In determining whether an offender is a sexual predator, the court should consider all relevant factors including, but not limited to, the offender's age, prior criminal record regarding all offenses and sexual offenses, the age of the victim, previous convictions, number of victims, whether the offender has completed a previous sentence, whether the offender participated in treatment programs for sex offenders, any mental illness of the offender, the nature of the sexual conduct, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3).
 {¶ 9} After reviewing the factors, the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C.2950.09(B)(4). Clear and convincing evidence is more than a mere preponderance of the evidence; instead, it must produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122, 568 N.E.2d 1222; State v. Hamilton (May 14, 1999), Darke App. No. 1474, citing In re Brown (1994), 98 Ohio App.3d 337, 342-343,648 N.E.2d 576. A judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements *Page 4 
of the case. Cohen v. Lamko (1984), 10 Ohio St.3d 167, 10 Ohio B. 500,462 N.E.2d 407.
 {¶ 10} Sexual offender classification hearings under R.C. 2950.09 are civil in nature. State v. Gowdy, 88 Ohio St.3d 387, 2000-Ohio-355,727 N.E.2d 579, citing State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291,700 N.E.2d 570. When conducting a sexual predator hearing, a trial court may rely on information that was not introduced at trial. State v.Thompson, 140 Ohio App.3d 638, 748 N.E.2d 1144. R.C. 2950.09(B)(2) does not require that each factor be found, only that they be considered by the trial court. Id.
 {¶ 11} This court reviews a claim of insufficient evidence de novo.State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541. In order to classify an offender as a sexual predator, the state must show that the offender is currently likely to commit a sex crime in the future, not only that he committed a sex crime in the past. This court recently stated, "a court may adjudicate a defendant a sexual predator so long as the court considers `all relevant factors[,]' which may include a sole conviction." State v. Purser, 153 Ohio App.3d 144,2003-Ohio-3523, 791 N.E.2d 1053, quoting State v. Ward (1999),130 Ohio App.3d 551, 560, 720 N.E.2d 603.
 {¶ 12} In the instant case, the evidence demonstrates that appellant is likely to commit a sexually oriented offense in the future. The trial court cited to several of *Page 5 
the factors listed under R.C. 2950.09(B)(3). These factors included, but were not limited to, the following: appellant's prior criminal history at the young age of nineteen; the victim's young age of eleven; the fact that there was only one victim; the fact that the offender did not use drugs or alcohol to impair the victim; the facts that appellant has not participated in sexual offender's treatment of any kind and has denied that he ever committed the crime and blamed the victim; the fact that appellant displayed signs of antisocial personality disorder; the fact that this was a violent rape by force, and appellant used his position as a boyfriend of the friend of the victim's sister to gain access to the victim; the fact that appellant choked the victim and used threats to prevent her from reporting the crime; the sexual predator evaluation; the appellant's history of violence; appellant's drug history; the fact that at the time of this offense appellant was nineteen years old and had fifty sexual partners; and appellant's institutional record, which included being in "the hole" on ten occasions and appellant's dishonesty to institutional staff and assault charge for fighting in prison.
 {¶ 13} It is important to note here that R.C. 2950.09(B)(3) mandates that the trial court take into consideration the factors enumerated under that section, but its analysis is not limited to those factors; the trial court clearly utilized not only those factors in its determination, but also set forth others it found significant. We find that in this case there exists clear and convincing evidence that appellant is likely to *Page 6 
commit a sexually oriented offense in the future, and the classification of sexual predator is necessary to protect the public from future harm.
 {¶ 14} Accordingly, appellant's first assignment of error is overruled.
 {¶ 15} Appellant argues in his second assignment of error that the provisions of R.C. Chapter 2950 violate the Fifth and Sixth Amendments of the United States Constitution.
 {¶ 16} Under this assignment of error, appellant argues that this case is indistinguishable from Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435, or Blakely v. Washington 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. Appellant argues that the trial court's finding that appellant is a sexual predator and its imposition of the additional punishment provided for in R.C. Chapter 2950 deprived him of his Fifth and Sixth Amendment rights. Appellant argues that the trial court's finding and imposition of further punishment upon him is in violation of Blakely v. Washington, supra.
 {¶ 17} R.C. Chapter 2950 is remedial and not punitive, and sexual predator adjudications are civil and not criminal in nature. State v.Cook, 83 Ohio St.3d 404, 423, 1998-Ohio-291, 700 N.E.2d 570. Therefore, the sexual offender registration requirements outlined in R.C. 2950.01, et seq. do not fall within the purview of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-56, 845. See State v. Schmidt, Medina App. Nos. 03CA0080-M and 03CA0081-M, 2004-Ohio-1426; State v. Gunner, Medina *Page 7 
App. No. 05CA0111-M, 2006-Ohio-5808. Likewise, no Sixth Amendment rights attach to a sexual predator hearing. See State v. Cureton, Medina App. Nos. 03CA0009-M and 03CA0010-M, 2003-Ohio-6010, at p. 31, citingState v. Scudder (1998), 131 Ohio App.3d 470, 474, 722 N.E.2d 1054.
 {¶ 18} Because sexual predator adjudications are civil and not criminal in nature, we find that Apprendi, Blakely, and Foster are not related to appellant's classification as a sexual predator.
 {¶ 19} Accordingly, appellant's second assignment of error is overruled.
 {¶ 20} Appellant argues in his third assignment of error that the provisions of R.C. Chapter 2950 violate the Ex Post Facto Clause of Article I of the United States Constitution. R.C. Chapter 2950 was determined to be constitutionally valid in State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570. There, the Supreme Court held the statute was neither impermissibly retroactive nor an ex post facto law:
 "* * * R.C. Chapter 2950 serves the solely remedial purpose of protecting the public. Thus, there is no clear proof that R.C. Chapter 2950 is punitive in its effect. We do not deny that the notification requirements may be a detriment to registrants, but the sting of public censure does not convert a remedial statute into a punitive one. Dept. of Revenue v. Kurth Ranch, 511 U.S. 767 at 777, fn. 14, 128 L.Ed.2d 767, 114 S.Ct. 1937. Accordingly, we find that the registration and notification provisions of R.C. Chapter 2950 do not violate the Ex Post Facto Clause because its provisions serve the remedial purpose of protecting the public."
Cook, 83 Ohio St.3d 404 at 423. *Page 8 
 {¶ 21} The Ohio Supreme Court and the United States Supreme Court already decided that these types of sexual offender registration laws are not punitive in nature and do not violate the prohibition against ex post facto laws without reference to the ability of the offender to petition for revision of the classification. Smith v. Doe (2003),538 U.S. 84, 155 L.Ed.2d 164, 123 S.Ct. 1140. Therefore, there is no need for this court to revisit this issue. Pursuant to current state and federal case law, R.C. 2950.09 is constitutionally valid and is not violative of the appellant's rights. Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR *Page 1