OPINION. *Page 2 
{¶ 1} Raising two assignments of error, defendant-appellant Tinnagee Snow appeals from the trial court's November 3, 2006, entry adjudicating him a sexual predator following a classification hearing. Snow's classification as a sexual predator stemmed from his plea of guilty to one count of unlawful sexual conduct with a minor.[1] The 18-year-old Snow admitted to having had intercourse with a female co-worker who was under 16 years of age. The trial court accepted his guilty plea, imposed a sentence of one year's imprisonment, and adjudicated Snow a child-victim predator.[2]
 {¶ 2} In the appeal numbered C-050974, this court reversed the child-victim-predator adjudication and remanded the case to the trial court for a new classification hearing. At the November 3, 2006, hearing, both parties stipulated to a written evaluation of Snow prepared by a court-appointed clinical psychologist. Snow, having been released from prison, testified that he was gainfully employed and was scheduled to attend a sexually-oriented-offense treatment program that was to begin five days after the date of the hearing.
 {¶ 3} Following the classification hearing, the trial court reviewed the factors identified in R.C. 2950.09(B) and found that Snow had a history of substance abuse, employment instability, and rule violations, that Snow had had intercourse with an underage female, and that as a juvenile he had been adjudicated delinquent for attempted gross sexual imposition involving a nine-year-old child. The trial court also noted that Snow's score on a Static-99 test indicated a moderate-to-high risk of recidivism and that the court-appointed psychologist indicated that Snow had dismissed the seriousness of his prior gross-sexual-imposition offense and of the current offense. *Page 3 
 {¶ 4} In his first assignment of error, Snow challenges the weight of the evidence adduced to support the trial court's adjudication that Snow is a sexual predator. We are persuaded that the trial court had ample evidentiary material before it to produce a firm belief or conviction that Snow "was likely to engage in one or more sexually oriented offenses sometime in the future."[3] Consequently, the trial court's determination that Snow is a sexual predator was supported by competent, credible evidence and will not be reversed.[4] The assignment of error is overruled.
 {¶ 5} In his second assignment of error, Snow contends that Ohio's sexual-predator adjudicatory scheme, found in R.C. Chapter 2950, is unconstitutional under Blakely v. Washington[5] because the scheme permits the imposition of an additional criminal sentence upon factual findings made by only a judge and not made by a jury or admitted by a defendant. Since Snow's adjudication as a sexual predator was based solely upon the trial court's detailed factual findings, he argues that the adjudication "constitutes a sentence and additional potential penalties" imposed in violation of the Sixth Amendment to the federal constitution.[6]
 {¶ 6} But "R.C. Chapter 2950 is neither `criminal,' nor a statute that inflicts punishment."[7] A sexual-predator proceeding is civil and remedial in nature.[8] Therefore, the Sixth Amendment rights that an accused would enjoy "[i]n all criminal prosecutions" *Page 4 
do not attach to a sexual-predator hearing.[9] Judicial fact-finding made pursuant to R.C. Chapter 2950 does not run afoul ofBlakely's proscription against "imposing a sentence greater than that allowed by the jury verdict or by the [accused's] admissions at a plea hearing."[10] The second assignment of error is overruled.
 {¶ 7} Therefore, the trial court's sexual-predator adjudication is affirmed. Judgment affirmed.
SUNDERMANN, P. J., and HENDON, J., concur.
[1] See R.C. 2907.04(A).
[2] See R.C. 2950.01(S)(1)(a)(i).
[3] R.C. 2950.01(E)(1); see, also, State v. Eppinger,91 Ohio St.3d 158, 162, 2001-Ohio-247, 743 N.E.2d 881.
[4] See State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202,865 N.E.2d 1264, syllabus; see, also, In re Adoption of Holcomb (1985),18 Ohio St.3d 361, 368, 481 N.E.2d 613.
[5] (2004), 542 U.S. 296, 124 S.Ct. 2531; see, also, State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
[6] Appellant's Brief at 5.
[7] State v. Williams, 88 Ohio St.3d 513, 528, 2000-Ohio-428,728 N.E.2d 342; see, also, State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291,700 N.E.2d 570.
[8] See State v. Gowdy, 88 Ohio St.3d 387, 2000-Ohio-355,727 N.E.2d 579.
[9] Sixth Amendment to the United States Constitution; see, also,Goldfuss v. Davidson, 79 Ohio St. 3d 116, 126, 1997-Ohio-401,679 N.E.2d 1099; State v. Hall (Oct. 10, 1997), 1st Dist. No. C-960772.
[10] State v. Foster at ¶ 7; see State v. Bursey, 8th Dist. No. 88924,2007-Ohio-4847, at ¶ 18. *Page 1