JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Joseph Bradley, appeals his sexual predator classification. Finding no merit to the appeal, we affirm.
 {¶ 2} In July 2007, Bradley pled guilty to one count of rape, a violation of R.C. 2907.02, with a three-year firearm specification, and kidnapping, a violation of R.C. 2905.01. The court accepted Bradley's plea, found him guilty, and sentenced him to a total of nine years in prison.[1] The court also held a hearing pursuant to H.B. 180. Based on the evidence offered, including a Presentence Investigation Report and a report from the Court Psychiatric Clinic, which included a STATIC-99 score, the court found that Bradley was likely to reoffend and found him to be a sexual predator. Bradley appeals, raising the following three assignments of error:
 {¶ 3} "I. The evidence is insufficient, as a matter of law, to prove by `clear and convincing evidence' that appellant is likely to engage in the future in one or more sexually oriented offenses.'
 {¶ 4} "II. As held by the Ohio Supreme Court in State v.Thompson, the trial court erred in determining that the appellant was a sexual predator *Page 4 
without considering, or placing upon the record any of the relevant factors codified at R.C. 2950.09(B)(2) [sic].
 {¶ 5} "III. R.C. 2950.01 et seq., as applied to Mr. Bradley, violates Art. I., Sec. 10, of the United States Constitution, as ex post facto legislation, and violates Art. II, Sec. 28, of the Ohio Constitution as retroactive legislation."
 {¶ 6} Because they are related, we will address Bradley's first and second assignments of error together.
 Sufficiency of the Evidence and Former R.C. 2950.09(B)(3) Factors {¶ 7} In his first assignment of error, Bradley argues that there was insufficient evidence to support the trial court's finding that he is "likely to reoffend" in the future and therefore his sexual predator classification should be vacated. He further argues in his second assignment of error that this court should, at a minimum, remand this case for another hearing because the trial court failed to consider the factors enumerated in former R.C. 2950.09(B)(3) before classifying him as a sexual predator. We find both arguments unpersuasive.[2] *Page 5 
 {¶ 8} In State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, the Ohio Supreme Court clarified the standard of review applicable to sex offender classifications under former R.C. Chapter 2950. The Supreme Court held that "[b]ecause sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the trial judge's findings are supported by some competent, credible evidence." Id., at the syllabus.
 {¶ 9} The civil manifest-weight-of-the-evidence standard "affords the lower court more deference than the criminal standard." Id. at ¶ 26. "Thus, a judgment supported by `some competent, credible evidence going to all the essential elements of the case' must be affirmed." Id., citing C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279.
 {¶ 10} Former R.C. 2950.01(E)(1) defined a sexual predator as "[a] person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 11} The state has the burden of proving that the offender is a sexual predator by clear and convincing evidence. Wilson, supra, at ¶ 20; former R.C. 2950.09(B)(4). "Clear and convincing evidence is evidence that `will produce in *Page 6 
the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Wilson at ¶ 20, quoting Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The "clear-and-convincing standard requires a higher degree of proof than a `preponderance of the evidence,' but less than `evidence beyond a reasonable doubt.'" Id., quoting State v. Ingram (1992),82 Ohio App.3d 341, 346. Thus, "a reviewing court will examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof." State v. Schiebel (1990),55 Ohio St.3d 71, 74.
 {¶ 12} In making a determination as to whether an offender is a sexual predator pursuant to former R.C. 2950.09(B)(3), the trial court must consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. These factors include, but are not limited to, the offender's age and prior criminal record; the age of the victim; whether the sex offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the sex offense; if the offender has previously been convicted of or pleaded guilty to any criminal offense; whether the offender completed a sentence for any conviction and, if a prior conviction was for a sex offense, whether the offender participated in any available program for sex offenders; whether the offender demonstrated a pattern of abuse or displayed cruelty toward the victim; any mental illness or disability of the offender; and any other behavioral *Page 7 
characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a)-(j).
 {¶ 13} In the instant matter, because Bradley pled guilty to rape, the first prong of former R.C. 2950.01(E)(1) has been met. Therefore, this court must determine the second prong of former R.C. 2950.01(E)(1), namely, whether the evidence shows by clear and convincing evidence that Bradley will likely engage in one or more sexually oriented offenses in the future.
 {¶ 14} After reviewing the record, we conclude the trial court did not err when it classified Bradley as a sexual predator. Here, Bradley pled guilty to raping a 35-year-old woman who he forced into his car at gunpoint, forced her to perform oral sex, and then ordered the victim to undress. Bradley next vaginally raped the victim, stole her money and her bracelet, and ordered her out of the car without any clothes, while threatening to kill her if she ever reported the incident. Contrary to Bradley's assertion, the trial court did not rely solely on the underlying facts of the conviction in classifying Bradley as a sexual predator. Instead, in addition to considering the facts of the rape, the trial court relied on a Court Psychiatric Clinic Sexual Predator Evaluation, which included a clinical interview, a STATIC-99 assessment, a Presentence Investigation Report, and Bradley's prior criminal convictions. *Page 8 
 {¶ 15} Relying on this evidence, the court noted the following, indicating that Bradley will likely reoffend: (1) Bradley scored in the medium-high risk category on the STATIC-99 for reoffending (a score of 4); (2) Bradley had several prior criminal convictions, including two incidents of domestic violence, aggravated burglary, and aggravated robbery, and he was dishonorably discharged from the military related to domestic violence; (3) the brutality of the underlying rape and kidnapping, namely, the cruelty Bradley displayed toward the victim; and (4) Bradley's history of trading drugs for sex and preying on drug addicts.
 {¶ 16} The court found this last factor especially compelling because Bradley claimed in his interview with the Probation Department and the Court Psychiatric Clinic that the victim was a prostitute ("a strawberry"), that the sex was consensual, and that the victim may have been upset that he had not given her enough drugs. Considering Bradley's account of the offense and his admission of trading drugs for sex, the court noted the following:
 {¶ 17} "You will also admit that you've done similar trading sex for drugs or strawberries, 20 times you estimated to the Court Psychiatric Clinic. And that indicates to this court that the situation you were in with this victim in this case was not unusual for you at all. That also raises red flags with the court with respect to whether you are likely to reoffend. Trading someone who is down and *Page 9 
out on drugs for sex is a coercive negative sexual act that would indicate to this court that you probably fit under the other category, any other relevant information category of 2950."
 {¶ 18} Based on this record, we find that the State satisfied its burden, and the trial court relied on clear and convincing evidence in classifying Bradley as a sexual predator under former R.C. Chapter 2950.
 {¶ 19} Further, although the court did not specifically reference the statutory designation of each former R.C. 2950.09(B)(3) factor that it relied on, it is not required to do so. As this court has previously stated, "[a] trial court is not required to individually assess each of these statutory factors on the record nor is it required to find a specific number of these factors before it can adjudicate an offender a sexual predator so long as its determination is grounded upon clear and convincing evidence." State v. Caraballo, 8th Dist. No. 89757,2008-Ohio-2046, ¶ 8, citing State v. Ferguson, 8th Dist. No. 88450,2007-Ohio-2777; State v. Purser,153 Ohio App.3d 144, 149, 2003-Ohio-3523. Here, the trial court, however, discussed the factors that it found compelling and indicative that Bradley is likely to reoffend, namely, his cruelty toward the victim, his prior criminal offenses, and his history of trading drugs for sex. These factors coupled with the other evidence in the record, i.e., his STATIC-99 score, provide clear and convincing evidence that Bradley is likely to reoffend. See State v. Randall *Page 10 
(2001), 141 Ohio App.3d 160, 166 (adjudication may be based on only one or two statutory factors "so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a sexually-oriented offense").
 {¶ 20} Bradley's first and second assignments of error are overruled.
 Constitutionality of Former R.C. Chapter 2950 {¶ 21} In his final assignment of error, Bradley argues that former R.C. Chapter 2950, as applied to him, "violates his [United States constitutional] rights against ex post facto legislation" and the Ohio Constitution's prohibition on retroactive laws. He specifically complains that the legislation, as amended by S.B. 5, unconstitutionally requires the designation "sexual predator" and the concomitant duty to register remain for the duration of his life. He argues that the amendments should not retroactively apply to offenses that occurred prior to their adoption. The Ohio Supreme Court, however, rejected this exact argument in State v. Ferguson, 120 Ohio St.3d 7, 2008-Ohio-4824. Noting the civil, remedial nature of the statute, the Supreme Court held that the S.B. 5 amendments to former R.C. Chapter 2950 neither violated the Retroactivity Clause of the Ohio Constitution nor the Ex Post Facto Clause of the United States Constitution. Id. at ¶ 36, 40, and 43.
 {¶ 22} Accordingly, the final assignment of error is overruled. *Page 11 
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and JAMES J. SWEENEY, J., CONCUR
[1] As part of the plea bargain, the parties agreed to amend the offense date from 1993 to 1996, thereby subjecting Bradley to the sentencing requirements of S.B. 2.
[2] Although Bradley was classified as a sexual predator under former R.C. Chapter 2950, which has subsequently been amended by the Adam Walsh Act ("AWA") and S.B. 10, we still address his assignments of error applying the law that was in effect at the time that he was sentenced. We further note that Bradley's appeal is not rendered moot by the AWA (despite his automatic classification as a Tier III offender) because his obligations under the AWA, namely, community-notification requirements, would be different if we were to vacate his sexual predator determination in this case. See State v. Clay,177 Ohio App.3d 78, 2008-Ohio-2980. *Page 1