OPINION
{¶ 1} Defendant-appellant William O'Neill appeals from the decision of the Mahoning County Common Pleas Court entered after he pled guilty to eleven counts of rape and one count of attempted rape. The issues before us are whether the court failed to properly hold a competency hearing and whether the court abused its discretion in denying his pre-sentence motion to withdraw his guilty pleas. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On February 7, 2002, appellant was indicted on twenty-five counts of rape with life specifications as a result of his twelve-year-old daughter's allegations that he had been molesting her since she was ten. Defense counsel filed a motion to suppress appellant's statement to police. Defense counsel also filed a motion to determine appellant's competency on May 29, 2002.
 {¶ 3} Appellant was evaluated by Dr. Fabian, whose report is dated July 20, 2002. Dr. Fabian disclosed that appellant dropped out of high school in twelfth grade, had learning disabilities, may be mildly mentally retarded, has poor intellectual and vocabulary abilities, and has poor abstract reasoning. Dr. Fabian diagnosed appellant with Major Depressive Disorder with psychotic features due to appellant's claim that he has experienced auditory and visual hallucinations.
 {¶ 4} However, Dr. Fabian found that appellant's thought processes were lucid, clear, and goal-oriented. Dr. Fabian explained that appellant understood: the nature and seriousness of the charges, the possible outcomes and sentences, the available pleas, the plea-bargaining process, the difference between a felony and misdemeanor, the planning of legal strategy, the roles of the courtroom participants, and courtroom procedures and events. He also noted that appellant wanted to fight the charges rather than plead because he claimed to be innocent.
 {¶ 5} Dr. Fabian advised that appellant was able to challenge statements and to testify to available facts to assist in his own defense in a relevant, rational, and consistent manner. He revealed that appellant could handle the stress of trial and did not exhibit unmanageable behavior. He concluded to a reasonable degree of scientific certainty that appellant understood the nature and objectives of the proceedings against him and was capable of assisting in his own defense.
 {¶ 6} When the case was called for the competency hearing in August 2002, defense counsel requested a second evaluation. Dr. Nalluri performed the second evaluation, confirming that appellant was mildly retarded, which is defined as an IQ between fifty or fifty-five and seventy. He explained that appellant had some impaired memory of past and more recent events. He diagnosed appellant with Major Depressive Disorder without Psychotic features as appellant now denied having hallucinations.
 {¶ 7} Dr. Nalluri noted that appellant denied raping his daughter. He then opined that appellant's thought processes were organized, logical, relevant, and sequential. Dr. Nalluri also found that appellant understood the various items and courtroom proceedings described by Dr. Fabian above. Dr. Nalluri opined that appellant was able to testify relevantly, logically, and reasonably, has the mental ability to understand the nature and quality of the charges, and has the ability to consult with his attorney. Dr. Nalluri concluded that appellant was competent to stand trial.
 {¶ 8} On January 30, 2003, the court journalized an entry signed by both attorneys, stating: "Case called for hearing on defendant's motions for competency. State and defense stipulate to both reports by the Forensic Center and Dr. Anil Nalluri." The suppression hearing and trial were then reset.
 {¶ 9} When the case was called for a suppression hearing on July 25, 2003, appellant entered a plea instead. The state amended count twelve to attempted rape, dismissed counts thirteen through twenty-five, and dismissed the life specifications in return for appellant's guilty pleas to counts one through twelve. At the plea hearing, the state advised that they would recommend a total sentence of thirty-five years and a sexual predator label. (Tr. 2-3).
 {¶ 10} Defense counsel withdrew the suppression motion and explained the rationale for the plea. (Tr. 4-6). He noted that two doctors found appellant competent to stand trial and that he believed appellant was capable of assisting in his own defense. He advised that appellant understood the seriousness of the charges and the elements contained therein and was making the plea voluntarily. (Tr. 4). Defense counsel noted that he had discussed the plea in great detail with appellant. (Tr. 5). He specifically explained that appellant realizes that if the court imposes the recommended thirty-five-year sentence, then he will be seventy-seven before he is released from prison. (Tr. 5). Counsel even disclosed that he did not like the plea agreement "but it is his decision and I am in support of that. I believe he understands what is happening * * *." (Tr. 5).
 {¶ 11} The court questioned appellant regarding his understanding of the proceedings, the sentencing recommendations, his legal representation, the contents of the original indictment, and the contents of the amended indictment, including deletion of the life specifications. (Tr. 7-8). The court ensured appellant understood the various rights he was waiving. (Tr. 8-9). The court mentioned it would order a presentence investigation and a sexual predator evaluation to determine his status upon his release, explaining that his status would determine his need to report yearly or less for a duration of ten years or for the rest of his life and noting that this reporting requirement applies regardless of where he moves in the future. (Tr. 11, 15). The court asked him twice if he understood this or had any questions about it. (Tr. 11, 13).
 {¶ 12} The court explained that he could be sentenced to ten years on each of the eleven rape counts and eight years on the attempted rape count, consecutively. (Tr. 12). The court also advised him of the maximum fines on these charges. (Tr. 12). Appellant stated that he wanted to plead and that it did not matter to him if he got life in prison. (Tr. 13).
 {¶ 13} The court then explained post-release control. (Tr. 14). Finally, the court ensured that appellant was entering the plea voluntarily. (Tr. 16). The court reviewed the written plea with appellant's signature at the end. The court noted that appellant placed his initials after every single paragraph. (Tr. 16). Appellant explained that his attorney read him the plea agreement and explained it to him. (Tr. 17). The court accepted appellant's guilty pleas and ordered a pre-sentence investigation and a sexual predator evaluation.
 {¶ 14} The sentencing hearing took place on September 24, 2003. The state made some introductory remarks, presented testimony from the victim's mother, who made her own statements and read a letter from her daughter, and presented the testimony of the grandmother. (Tr. 2-5). Defense counsel objected and then informed the court that appellant wished to withdraw his prior guilty pleas. Counsel revealed that appellant believed that the sexual predator issue was not properly explained to him by counsel and the court. Counsel noted that appellant was mildly retarded with a personality disorder. (Tr. 6).
 {¶ 15} The state objected to withdrawal of the plea, stating that counsel and the court went through every detail of the plea with appellant. (Tr. 7). The trial court then reviewed the guidelines for considering a pre-sentence motion to withdraw a guilty plea imposed by this court's appellate decisions. (Tr. 7-10). After applying those factors to the facts of this case, the trial court overruled appellant's motion to withdraw his plea. (Tr. 10). The sentencing hearing proceeded, and the court sentenced appellant as recommended in the plea agreement, minimum sentences on each offense to run consecutively for a total of thirty-five years in prison. Appellant was then labeled only a sexually oriented offender, an automatic label for this type of crime. Appellant filed timely notice of appeal.
 Assignment of Error Number One {¶ 16} Appellant sets forth two assignments of error, the first of which alleges:
 {¶ 17} "The trial court erred in failing to conduct a competency hearing for the defendant/appellant."
 {¶ 18} Appellant notes that R.C. 2945.37(E) provides for stipulating to the admissibility of the competency report as evidence so the medical professionals will not need to testify in order to present their findings. He concludes that the court's entry stating that the parties stipulated to the two reports is not equivalent to stipulating to competency. Thus, he concludes that the court erred in failing to hold a competency hearing and to find him competent before accepting his guilty pleas. He asks how a plea can be trusted to be entered knowingly, intelligently, and voluntarily under Crim.R. 11(C)(2) if the defendant's competency, which was placed in issue, was never ruled upon by the court after a competency hearing.
 {¶ 19} A defendant is competent if he has sufficient present ability to consult with his lawyer with a reasonable degree of understanding and has a rational as well as factual understanding of the proceedings against him. State v. Were (2002),94 Ohio St.3d 173, 174. The Ohio Revised Code provides for a competency hearing if competency is raised before trial. R.C. 2945.37(B). The failure to hold a competency hearing can be a constitutional violation; however, there is no violation if the record does not contain sufficient indicia of incompetency making an inquiry into competency necessary to ensure a fair trial. State v. Berry
(1995), 72 Ohio St.3d 354, 359.
 {¶ 20} Although the statute provides that a hearing is required once competency is raised, this does not mean that the hearing cannot thereafter be waived. In re Gooch, 2d Dist. No. 19339, 2002-Ohio-6859, at ¶ 8 (where defense counsel accepted the competency evaluation finding the defendant competent to stand trial and where the court later accepted a plea). In fact, the Supreme Court has stated that the hearing must be held unless itwas waived. Were, 94 Ohio St.3d at 174; State v. Eley
(1996), 77 Ohio St.3d 174 (where defendant withdrew challenge of competency); State v. Bock (1986), 28 Ohio St.3d 108, 114
(noting in a footnote that the waiver should be affirmatively and unequivocally placed on the record).
 {¶ 21} Thus, the parties can stipulate not just to the mere admissibility of the competency reports as provided in R.C.2945.37(E), but they can also stipulate to the reports themselves. See Id. See, also, State v. Iafornaro, 9th Dist. No. 01CA007967, 2002-Ohio-5550, at ¶ 39; State v. Jackson, 8th Dist. No. 80398, 2002-Ohio-4576, at ¶ 10; State v. Timmons, 5th Dist. Nos. 2002CA00234, 2001CA00333, 2002-Ohio-4206, at ¶ 30. Where the parties stipulate to the contents of the competency reports which opine that the defendant is competent, the parties stipulate to competency and waive the competency hearing.
 {¶ 22} Here, when the case was called for a competency hearing, the parties stipulated to the reports, both of which found appellant competent to stand trial. The entry containing the stipulation was signed by both attorneys. They made this stipulation in lieu of proceeding with the scheduled hearing on competency. It is thus clear that they entered a stipulation as to the contents of the report rather than merely as to admissibility.
 {¶ 23} Moreover, other evidence supports a decision that appellant and his counsel waived the competency hearing after realizing that the competency reports would not support a finding of incompetence to stand trial. At the plea hearing, appellant's counsel affirmatively and unequivocally stated on the record that he agreed with the two evaluators' opinions that his client was competent. (Tr. 4). Thus, a competency hearing was waived and the court could proceed to conduct a plea hearing. See Gooch,
supra; State v. Marsh (Apr. 12, 1991), 4th Dist. No. 90CA23;State v. Lamp (1977), 59 Ohio App.2d 125, 128. At that plea hearing, the court engaged in a thorough colloquy, which evidenced that the plea was knowingly, intelligently, and voluntarily made by a competent defendant. As such, this assignment of error is overruled.
 Assignment of Error Number Two {¶ 24} Appellant's second assignment of error contends:
 {¶ 25} "The trial court erred in overruling defendant/appellant's motion to withdraw his previous plea of guilty where such request was made prior to the imposition of sentencing."
 {¶ 26} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This rule establishes a fairly stringent standard for deciding a post-sentence motion to withdraw a guilty plea, but provides no guidelines for deciding a pre-sentence motion. State v. Xie (1992), 62 Ohio St.3d 521,526.
 {¶ 27} Generally, it is said that a decision on a pre-sentence plea withdrawal motion is within the trial court's sound discretion. Id. at 526, 584 N.E.2d at 718-719. Specifically, however, the Supreme Court has described the standard for considering a pre-sentence motion to withdraw a guilty plea as being that of "freely and liberally." Id. at 527. The Court has also noted that the trial court must conduct a hearing on the motion to decide if there exists a reasonable and legitimate basis for it and that the appellate court, although not reviewing de novo, can reverse if the trial court's decision is unfair or unjust. Id.
 {¶ 28} This court has adopted various factors to weigh in considering a presentence motion to withdraw a plea: (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge.State v. Thomas (Dec. 17, 1998), 7th Dist. Nos. 96CA223, 96CA225, 96CA226, at 3, citing State v. Fish (1995),104 Ohio App.3d 236, 240. As aforementioned, it is a balancing test; thus, no one factor is conclusive. Id.
 {¶ 29} Appellant applies these factors to his case as follows. As for the second, third, and sixth factors, he concedes that these factors weigh against him. That is, he admits that his counsel was adequate, he concedes that the Crim.R. 11 plea hearing was sufficient, and he admits that he should have filed the motion at a time earlier than in the middle of the sentencing hearing.
 {¶ 30} He then claims that the remaining factors weigh in his favor. First, he claims that the state will suffer no prejudice and that they voiced no concern regarding prejudice. As for the fourth and fifth factors, he claims that the hearing on the motion to withdraw was insufficient as it was a mere break in the sentencing hearing. He complains that the trial court seemed upset that he was wasting the court's time and thus failed to fully and fairly consider his motion.
 {¶ 31} As for the seventh and eighth factors, he states that his reasons for the motion were legitimate as he did not understand the potential sexual predator designation. He notes that the issue was not mentioned in the written plea form and was not detailed at the plea hearing. He claims that this is especially troublesome for a defendant with mild retardation and comprehension problems. He points out that he was diagnosed as paranoid with hallucinations and depression, noting his statement on the record at the plea hearing that he was pleading guilty and would accept a life sentence in order to get away from his family. Finally, regarding the ninth factor, he states that he maintained his innocence to both psychiatric examiners and he told Dr. Nalluri that the charges disgusted him and that his wife knew he was innocent.
 {¶ 32} Appellant likens his case to our prior case of Statev. Cuthbertson (2000), 139 Ohio App.3d 895, where we reversed the trial court's refusal to allow presentence plea withdrawal. He urges that as in Cuthbertson, there is no allegation that the state's case would be prejudiced upon withdrawal of the plea. Lack of prejudice to the state is often said to be an important factor. Id. at 899, citing Fish, 104 Ohio App.3d at 239-240;State v. Boyd (Oct. 22, 1998), 10th Dist. No. 97APA12-1640, unreported, at 6 (noting that prejudice usually involves a scenario where a state's witness has become unavailable).
 {¶ 33} Still, appellant raised the issue for the first time in the middle of sentencing. As such, it is understandable that the state was not prepared to present a perfect argument against the motion. Moreover, prejudice to the state's case can be seen in that the victim was appellant's daughter, who was a ten-year-old child when the molestation began and whose memory is more likely to dim with time than the typical adult witness's memory. As aforementioned, no one factor is dispositive; rather, the trial court was to conduct a weighing of all of the factors.
 {¶ 34} Appellant's situation can also be distinguished fromCuthbertson because Cuthbertson filed his motion one week after his plea and two weeks before sentencing, but appellantvoiced his motion in the middle of the sentencing hearing,which was two months after his plea. Thus, appellant's method of making the motion and his timing of the motion is far less reasonable. This is especially true since appellant's sexual predator evaluation took place on August 1, 2003; at that evaluation, the nature and purpose of the evaluation was explained to appellant. Yet, he still did not seek plea withdrawal until the middle of the sentencing hearing on September 24, 2003.
 {¶ 35} Moreover, Cuthbertson claimed he was innocent in his motion; however, appellant did not make such a claim. On appeal, appellant notes that he maintained his innocence to the competency evaluators. Yet, such fact was not mentioned to the trial court at the plea withdrawal hearing. Thus, he did not set forth allegations of a defense to the charges for the trial court to consider in ruling on his withdrawal motion. We also note that the description of his psychiatric condition did not suggest a defense. And, the sexual predator evaluation, which was before the court at the sentencing hearing, contained incriminating statements by appellant.
 {¶ 36} When seeking plea withdrawal, appellant focused on his claim that the sexual predator process was not fully explained to him; he also mentioned his mild retardation and personality disorders as support for his claim that he lacked an understanding of the sexual predator label. (Sent. Tr. 6). However, this reason for plea withdrawal is not compelling since a trial court has no duty to explain the details of a potential sexual predator designation and the resulting ramifications upon a plea of guilty to a sexually oriented offense. See, e.g.,State v. Clay (June 1, 1999), 7th Dist. No. 97CO88, citingState v. Goodballet (Mar. 3, 1999), 7th Dist. No. 98CO15 (where we held that a plea is still knowing and voluntary even if the defendant was not advised of the additional burdens that may be imposed upon him under the sexual predator statute). See, also,State v. Ward (1999), 130 Ohio App.3d 551, 575 (where the Eighth District held that the trial court had no duty to inform a pleading defendant about the notice and registration requirements of the collateral possibility of a sexual predator designation).
 {¶ 37} Even so, the trial court here outlined various aspects of the potential label and twice asked appellant if he understood or had any questions concerning the possible sexual predator status. Also, as aforementioned, the sexual predator evaluation provided that appellant was given notice of the nature and purpose of the process. Finally, we note that appellant did not even end up receiving a sexual predator label; rather, he was labeled a sexually oriented offender, which is an automatic label for this type of case.
 {¶ 38} In conclusion, the trial court proceeded with caution and deliberation when weighing the factors for pre-sentence plea withdrawal. Nothing indicated that appellant was not competent or that his plea was not knowing, intelligent, and voluntary. Although the court was not required to do so, the court explained some aspects of the sexual predator process for appellant at the plea hearing. For the foregoing reasons, the trial court did not improperly overrule appellant's pre-sentence motion to withdraw his guilty pleas.
 {¶ 39} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, P.J., concurs.
Donofrio, J., concurs.