{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, Lee Johnson, Jr., appeals the decision of the Mahoning County Court of Common Pleas that accepted his plea of guilty to involuntary manslaughter, denied his motion to withdraw that plea, and sentence. Johnson argues that the trial court did not comply with Crim.R. 11 when accepting his plea, that this and other facts support his motion to withdraw his plea, and that the trial court improperly sentenced him because of a policy of sentencing people who cause the death of another to at least ten years imprisonment.
 {¶ 2} In this case, the trial court fully complied with Crim.R. 11 and Johnson's challenge to his guilty plea is meritless. However, his motion to withdraw that plea should have been granted. Johnson brought the issue to the trial court's attention only seven days after the plea was entered, the State would not have been prejudiced by the withdrawal, and pre-sentence motions to withdraw guilty pleas should be liberally granted. Accordingly, the trial court's denial of Johnson's motion to withdraw his guilty plea is reversed and this case is remanded for further proceedings.
 Facts {¶ 3} Johnson was indicted for murder by the Mahoning County Grand Jury on December 2, 2005, for causing the death of Regina Miller. After initially pleading not guilty, Johnson was appointed counsel. However, that counsel was eventually allowed to withdraw from representation due to irreconcilable differences between he and Johnson. Johnson was appointed new counsel and the matter was scheduled for trial on September 20, 2006. On September 19, 2006, Johnson entered into a plea agreement with the State, wherein he agreed to plead guilty to involuntary manslaughter, a first degree felony, rather than face the murder charge at trial. The trial court accepted Johnson's plea that day.
 {¶ 4} After Johnson pleaded guilty, he mailed three letters to the trial court expressing his desire to withdraw that plea. The first of these letters was dated September 25, 2006, seven days after Johnson entered his plea. Subsequently, Johnson's counsel formally moved to withdraw Johnson's plea on November 14, 2006. *Page 2 
After a hearing, the trial court denied Johnson's motion and proceeded to sentencing. It sentenced Johnson to ten years imprisonment, the maximum possible prison term.
 Guilty Plea {¶ 5} Johnson raises three assignments of error on appeal, but we will address his second assignment of error first, which argues:
 {¶ 6} "The trial court failed to strictly and substantially comply with Crim.R. 11 and, therefore, erred in accepting the Appellant's guilty plea. As such, the Defendant's guilty plea was not knowing, intelligent, and voluntary."
 {¶ 7} Johnson contends the trial court failed to comply with Crim.R. 11 when accepting his guilty plea and, therefore, his plea was not knowing, intelligent, and voluntary. In particular, Johnson believes that the trial court did not inform him of his right to a jury trial, did not ensure that he was advised of the nature of the charges against him, and did not ensure that he understood the effect of his guilty plea. The record shows that these arguments are meritless.
 {¶ 8} The due process clause in both the United States and Ohio Constitutions require pleas of guilty or no contest be knowing, intelligent, and voluntary. Parke v. Raley (1992), 506 U.S. 20, 28-30;State v. Buchanan (1974), 43 Ohio App.2d 93, 96. When determining the voluntariness of a plea, courts must consider all of the relevant circumstances surrounding it. State v. Trubee, 3d Dist. No. 9-03-65, 2005-Ohio-0552, at ¶ 8, citing Brady v. United States (1970),397 U.S. 742. If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. State v.Martinez, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, at ¶ 11, citingBoykin v. Alabama (1969), 395 U.S. 238, 243.
 {¶ 9} Crim.R. 11(C)(2) describes the procedure a trial court must use when accepting a guilty plea in a felony case. It requires that the trial court engage in a colloquy with the defendant to do all of the following:
 {¶ 10} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of *Page 3 
community control sanctions at the sentencing hearing.
 {¶ 11} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 12} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Id.
 {¶ 13} When reviewing whether a trial court's decision to accept a defendant's guilty plea violates that defendant's constitutional rights, an appellate court must affirm the trial court's decision if it engaged in a meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." State v. Ballard (1981),66 Ohio St.2d 473, paragraph two of the syllabus. Failure to use the exact language in Crim.R. 11(C) is not grounds for vacating the guilty plea as long as the trial court met the above standard. Id.
 {¶ 14} Johnson argues that the trial court failed to comply with Crim.R. 11(C)(2)(a) because it did nothing to ensure that Johnson understood the nature of the charges to which he was pleading. As Johnson concedes in his brief, Ohio courts do not require that the trial court inform the accused of the actual elements of the charged offense; a defendant can obtain this information from whatever source, be it from the trial court itself, the prosecutor, or some other source. State v.Blair (1998), 128 Ohio App.3d 435, 437-438. Courts must look to the circumstances of the case to determine whether the accused understood the charge. State v. Carpenter, 8th Dist. No. 81571, 2003-Ohio-3019, at ¶ 2.
 {¶ 15} In this case, Johnson was initially charged with murder and pleaded guilty to involuntary manslaughter. When pleading guilty, Johnson signed a document wherein he stated that his "[c]ounsel has advised me and I fully understand the nature of the *Page 4 
charge(s) against me and the elements contained therein." Finally, Johnson's counsel told the court that Johnson was ready to plead guilty. Given the nature of the charges and these supporting facts, Johnson's argument that the trial court did not comply with Crim.R. 11(C)(2)(a) is meritless.
 {¶ 16} Johnson next argues that the trial court did not comply with Crim.R. 11(C)(2)(b) because it failed to ensure that Johnson understood the effect of a guilty plea by asking Johnson if he understood that a guilty plea operated as a complete admission of guilt. The Ohio Supreme Court addressed this issue in State v. Griggs, 103 Ohio St.3d 85,2004-Ohio-4415. In that case, the defendant pleaded guilty to voluntary manslaughter and burglary. During the plea hearing, the court advised Griggs of potential sentencing consequences and of various rights, including the rights to have a jury trial, to have an attorney, to subpoena witnesses, to confront his accusers, and to avoid compulsory self-incrimination. The court did not inform the defendant that his guilty plea was a complete admission of guilt.
 {¶ 17} The Ohio Supreme Court did not find that this was reversible error. "A defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." Id. at syllabus. The court contrasted the facts of that case with those in North Carolina v.Alford (1970), 400 U.S. 25, where the defendant pled guilty even while maintaining his innocence. Id. at ¶ 13.
 {¶ 18} In this case, Johnson did not make an Alford plea. He did not make any indication that he was innocent of the charged offense when he was pleading guilty. Accordingly, we must presume that Johnson understood that he was admitting his guilt when he pleaded guilty to the charged offense. Accordingly, Johnson's arguments about the trial court's compliance with Crim.R. 11(C)(2)(b) are meritless.
 {¶ 19} Finally, Johnson claims that the trial court failed to comply with Crim.R. 11(C)(2)(c) by not informing him that a guilty plea would waive his right to a jury trial. The colloquy between the trial court and Johnson shows otherwise. *Page 5 
 {¶ 20} "The Court: Do you understand if you plead guilty, you're waiving and rejecting all of your trial and appellate rights?
 {¶ 21} "The Defendant: Yes, sir.
 {¶ 22} "The Court: At trial, you have the right to require the State to prove your guilt beyond a reasonable doubt on each and every element of the offense charged against you, and they would try to meet that burden by bringing in witnesses and other evidence before the judge and jury, and you would have the right to challenge and confront the witnesses and evidence they produce * * * If you plead guilty, though, you're waiving and rejecting all of those trial rights. Do you understand that?
 {¶ 23} "The Defendant: Yes, sir."
 {¶ 24} The trial court's colloquy with Johnson clearly indicated that he had the right to have a jury hear the evidence and that his guilty plea would waive that right. Johnson's argument that the trial court did not inform him of this is meritless.
 {¶ 25} In conclusion, each of Johnson's challenges to the voluntariness of his plea are meritless. Accordingly, his second assignment of error as a whole is meritless.
 Withdrawal of Guilty Plea {¶ 26} In his first assignment of error, Johnson argues:
 {¶ 27} "The trial court erred in overruling the Appellant's presentence motion to withdraw his plea of guilty."
 {¶ 28} Crim.R. 32.1 allows a criminal defendant to move to withdraw a guilty plea before a sentence is imposed upon him. Motions to withdraw a guilty plea before sentencing "should be freely and liberally granted."State v. Xie (1992), 62 Ohio St.3d 521, 527. Nevertheless, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. Instead, he is only entitled to withdraw his plea when "there is a reasonable and legitimate basis for the withdrawal of the plea." Id.
 {¶ 29} We have previously said that "the factors that are weighed in considering a pre-sentence motion to withdraw a plea include the following: (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, *Page 6 
(3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge." State v. Cuthbertson, 139 Ohio App.3d 895, 898-899,2000-Ohio-2638. No one of these factors is conclusive. Id. at 899. When looking at the ninth factor, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement." State v. Kramer, 7th Dist. No. 01-C.A.-107, 2002-Ohio-4176, ¶ 58.
 {¶ 30} "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court."Xie at paragraph two of the syllabus. The trial court abuses that discretion when its ruling is "unreasonable, arbitrary or unconscionable," which is "more than an error of judgment." Id. at 527.
 {¶ 31} In this case, the trial court found that the State would be prejudiced by the withdrawal of the guilty plea "only to the extent that it adds a case" back to the active case list. This is not a relevant fact since it will exist any time a trial court grants a motion to withdraw a guilty plea. Moreover, we have repeatedly found that the State would suffer no prejudice if the motion to withdraw the guilty plea was granted without something more. Cuthbertson at 899; State v.O'Neill, 7th Dist. No. 03 MA 188, 2004-Ohio-6805, at ¶ 32; State v.Leasure, 7th Dist. No. 01 BA 42, 2002-Ohio-5019, at ¶ 19. Thus, the trial court's findings do not show that the State would be prejudiced by granting the motion to withdraw.
 {¶ 32} Furthermore, there is no indication that any of the State's witnesses will be reluctant to testify. Before Johnson's trial was originally scheduled to go forward, his father, who was a key witness, was reluctant to testify and the State had to issue a material witness warrant for his arrest. However, the trial court was informed at Johnson's hearing on his motion to withdraw his guilty plea that Johnson's father was no longer a reluctant witness. Therefore, the State would not have been prejudiced by *Page 7 
granting Johnson's motion, which weighs in favor of granting the motion.
 {¶ 33} Johnson's troubles with his defense counsel also support granting his motion. Johnson's initial counsel withdrew from representation because of "irreconcilable differences," which appear to have been mostly over whether Johnson should plead guilty. Of course, Johnson eventually pleaded guilty on the advice of his second counsel. However, these facts help demonstrate Johnson's reluctance to plead guilty and support granting his motion.
 {¶ 34} Finally, Johnson first informed the trial court that he wished to withdraw his guilty plea only seven days after he entered into that plea. In Cuthbertson, we found that the defendant filed his motion to withdraw his guilty plea when he informed the trial court of that desire by letter a week after pleading guilty. Id. at 899. Accordingly, this factor weighs in favor of granting the motion.
 {¶ 35} While we have repeatedly stated that a mere change of heart is an insufficient basis for withdrawing a guilty plea, State v.Johnston, 7th Dist. No. 06CO64, 2007-Ohio-4620, at ¶ 32; State v.Kramer, 7th Dist. No. 01 CA 107, 2002-Ohio-4176, at ¶ 50, a trial court should grant a pre-sentence motion to withdraw a guilty plea liberally. In this case, there was no good reason for not granting Johnson's motion. We can think of few situations more appropriate for granting such a motion than one like this, where the defendant moved to withdraw his plea only days after it was entered and the State would suffer no prejudice if the motion were granted. Accordingly, the trial court abused its discretion when it denied Johnson's motion. Johnson's first assignment of error is meritorious.
 Sentencing {¶ 36} In his third and final assignment of error, Johnson argues:
 {¶ 37} "The trial court's sentence of ten years was contrary to law and/or constituted an abuse of discretion."
 {¶ 38} Since we are reversing the trial court's decision denying Johnson's motion to withdraw his guilty plea, this assignment of error has been rendered moot. Accordingly, the judgment of the trial court denying Johnson's motion to withdraw his guilty plea is *Page 8 
reversed and this case is remanded for further proceedings.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1