[Cite as *State v. Mitchell*, 2011-Ohio-2974.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.  10 MA 55 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| LUCKY MITCHELL, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
Court, Case No. 09 CR 428.

JUDGMENT:        Affirmed, Motion to Withdraw Granted.

APPEARANCES:
For Plaintiff-Appellee:        Attorney Paul J. Gains
Prosecuting Attorney
Attorney Ralph M. Rivera
Assistant Prosecuting Attorney
21 W. Boardman St., 6th Floor
Youngstown, OH  44503

For Defendant-Appellant:        Attorney Rebecca Royer
7920 Knauf Road
Canfield, OH  44406

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: June 9, 2011

DeGenaro, J.

**{¶1}** Defendant-Appellant, Lucky Mitchell, appeals the March 9, 2010 judgment of the Mahoning County Court of Common Pleas convicting him of one count of burglary and sentencing him accordingly. Appointed appellate counsel filed a no-merit brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 and *State v. Toney* (1970), 23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.E.2d 419, and requested leave to withdraw from the case. Mitchell failed to file a pro-se brief. A thorough review of the case file reveals that there are no appealable issues, and that the appeal is in fact frivolous. Accordingly, the judgment of the trial court is affirmed and counsel is permitted to withdraw.

## Facts and Procedural History

**{¶2}** On December 30, 2009, Mitchell was indicted by the Mahoning County Grand Jury on one count of burglary (R.C 2911.12(A)(2)), a second-degree felony. Mitchell was accused of breaking into a home to steal electronics. Mitchell initially entered a not guilty plea and counsel was appointed to represent him.

**{¶3}** Mitchell later entered into a Crim.R. 11 plea agreement with the State. The State agreed to move to amend the charge to third-degree felony burglary (R.C. 2911.12(A)(3)), and to stand silent on sentencing. In exchange, Mitchell agreed to plead guilty to the amended charge.

**{¶4}** A Criminal Rule 11 plea hearing was held during which time the trial court engaged in a colloquy with Mitchell regarding the rights he would give up by pleading guilty. At the end of the hearing, the court accepted Mitchell's plea as knowingly, voluntarily and intelligently made. A pre-sentence investigation was ordered and prepared. At sentencing the State kept its promise to stand silent. Defense counsel noted Mitchell's history of drug abuse and mental illness and that the Community Corrections board was unwilling to accept Mitchell into their program. Defense counsel requested that the court impose a sentence on the low end of the range and to consider a motion for judicial release at the appropriate time. The trial court asked Mitchell if he

wanted to make a statement in mitigation of sentence. Mitchell made a brief statement, expressing his regret for his conduct and a desire to change his life for the better. The burglary victim was present but declined to make a statement.

{¶5} The court sentenced Mitchell to two years in prison. The court gave Mitchell credit for the almost one year he had served and stated it would be open to granting judicial release contingent upon Mitchell's continued good behavior while incarcerated. The court informed Mitchell that upon completion of his sentence he could be placed on three years of post-release control, and explained the consequences of violating post-release control.

### *Anders* **No-Merit Brief**

{¶6} An attorney appointed to represent an indigent criminal defendant may seek permission to withdraw if the attorney can show that there is no merit to the appeal. See, generally, *Anders,* 386 U.S. 738. To support such a request, appellate counsel is required to undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support an appeal. *Toney*, 23 Ohio App.2d at 207. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous. Id.

{¶7} In *Toney*, this Court established guidelines to be followed when counsel of record determines that an indigent's appeal is frivolous:

{¶8} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

{¶9} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

{¶10} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and

then determine whether or not the appeal is wholly frivolous.

{¶11} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.

{¶12} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at syllabus.

{¶13} After reviewing the record in this case, Mitchell's appointed counsel concluded there are no meritorious issues to present on appeal. Mitchell has not assigned any errors pro-se. Thus, pursuant to *Toney*, this court must now review the proceedings and determine whether it agrees that this appeal wholly lacks merit. Given that this case involved a guilty plea, the only issues that could be raised on appeal relate to the plea or the sentence.

**Plea**

{¶14} In a criminal case, a plea must be made knowingly, voluntarily and intelligently. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, at ¶7; *State v. Engle* (1996)*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450. If it is not,, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03MA196, 2004-Ohio-6806, at ¶11, citing *Boykin v. Alabama* (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274. When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Johnson*, 7th Dist. No. 07 MA 8, 2008-Ohio-1065, at ¶8, citing *Brady v. United States* (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747

{¶15} In order for a trial court to ensure that a felony defendant's plea is knowing, voluntary and intelligent, it must engage the defendant in a colloquy pursuant to Crim.R. 11(C). *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶25-26. During the colloquy, the trial court is to provide specific information to the defendant, including constitutional and nonconstitutional rights being waived. Crim.R. 11(C)(2); *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355.

**{¶16}** The constitutional rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to have the state prove the defendant's guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c); *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶19-21. A trial court must strictly comply with these requirements. Id. at ¶31; *State v. Ballard* (1981), 66 Ohio St.2d 473, 477. "Strict compliance" does not require a rote recitation of the exact language of the rule. Rather, a reviewing court should focus on whether the "record shows that the judge explained these rights in a manner reasonably intelligible to the defendant." Id. at paragraph two of the syllabus.

**{¶17}** The nonconstitutional rights include that the defendant must be informed of the effect of his plea, the nature of the charges, and the maximum penalty involved, which includes an advisement on post-release control. Further they include that a defendant must be notified, it applicable, that he is not eligible for probation or the imposition of community control sanctions. Finally, this encompasses notifying the defendant that the court may proceed to judgment and sentence after accepting the guilty plea. Crim.R. 11(C)(2)(a)(b); *Veney*, 120 Ohio St.3d 176 at ¶10-13; *Sarkozy*, 117 Ohio St.3d 86, at ¶19-26. The trial court must substantially comply with these requirements. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. at 108. In addition, a defendant who challenges his guilty plea on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney*, 120 Ohio St.3d 176 at ¶15 citing *Nero*, 56 Ohio St.3d at 108.

**{¶18}** The record indicates the trial court fully complied with Crim.R 11(C). The trial court also explained that Mitchell could not be compelled to testify against himself at trial. The trial court's explanation of Mitchell's constitutional rights strictly complied with the rule requirements. The trial court also explained to Mitchell his nonconstitutional rights in substantial compliance with the rule. Given the foregoing, trial counsel was not

ineffective with regard to the plea proceedings. Accordingly, there are no appealable issues with regard to Mitchell's plea.

**Sentencing**

{¶19} When reviewing a felony sentence, an appellate court first reviews the sentence to ensure that the sentencing court clearly and convincingly complied with the applicable laws. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶4. A trial court's sentence would be contrary to law if, for example, it were outside the statutory range, in contravention to a statute, or decided pursuant to an unconstitutional statute. Id. at ¶15. An appellate court then reviews the trial court's sentencing decision for abuse of discretion. *Kalish* at ¶17, 19-20. An abuse of discretion means more than an error of law or judgment; but rather implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶20} As to the first prong of the test, Mitchell's sentence is clearly and convincingly not contrary to law. First, Mitchell was afforded his allocution rights pursuant to Crim.R. 32(A)(1). The trial court asked Mitchell if he had anything to say before the sentence was imposed. Mitchell gave a brief statement, apologizing for his actions and expressing his desire to change his life for the better. Second, the two-year prison sentence Mitchell received is within the one to five year statutory range for the charge. See R.C. 2911.12(A)(3) and (C); R.C. 2929.14(A)(3). The court also stated both on the record and in its sentencing entry that it had considered the sentencing factors contained in R.C. 2929.11 and 2929.12. Third, the court properly notified Mitchell that upon his release from prison he could be subject to a three-year period of post-release control and explained the ramifications of violating post-release control. R.C. 2967.28(C). Accordingly, Mitchell's sentence was not contrary to law.

{¶21} As to the second prong of the test, the trial court's overall sentencing decision was not an abuse of discretion. Mitchell had a criminal history, mainly for property and theft crimes to support his drug habit. Yet the prison sentence chosen was in the low range for the charge, as requested by defense counsel. The trial court took

into account Mitchell's statement that he wished to end his life of crime and change his life:

**{¶22}** "THE COURT: I've read the presentence investigation. I'm going to say a couple of things. First, with everything that I see in the PSI, considering the factors contained in Section 2929 of the revised code, I am going to find that a non-prison sanction would demean the seriousness of the offense, would not adequately protect the public or punish you. And what I'm going to do is impose a two year prison sentence. You've almost got a year in. You're going to get credit for that. And I'm going to tell you something else: I don't think you've been to prison before in Ohio. If you do not get any write-ups, I will bring you back on judicial release because I actually like what I hear you saying this morning. There comes a point in time where people just get sick and tired of living like they've been living. And I'm going to give you an opportunity to walk the walk instead of just talking the talk."

**{¶23}** The sentence imposed by the trial court was fair and reasonable and not an abuse of discretion. Given the foregoing, trial counsel was not ineffective during sentencing. Accordingly, there are no appealable issues with regard to Mitchell's sentence.

**{¶24}** In conclusion, as there are no meritorious issues for appeal, the judgment of the trial court is affirmed and counsel's motion to withdraw is granted.

Donofrio, J., concurs.

Vukovich, J., concurs.