[Cite as *State v. Allen*, 2020-Ohio-4444.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190053 |
| Plaintiff-Appellee, | : | TRIAL NO. B-1706915 |
| vs. | : | *O P I N I O N.* |
| DWIGHT ALLEN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 16, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*James Anzelmo*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Dwight Allen appeals his convictions, after guilty pleas, for attempted murder with a gun specification, one count of felonious assault, and carrying a concealed weapon. In two assignments of error, Allen contends that he did not knowingly, intelligently, and voluntarily plead guilty in violation of his due-process rights because he had denied culpability during the sentencing, and that the trial court erred by determining, without a hearing, that he was competent to stand trial. Based on the record before us, we conclude that Allen did not deny culpability, and he waived the competency hearing. We affirm the judgment of the trial court.

Factual and Procedural Background

{¶2} Dwight Allen was charged with attempted murder with specifications, two counts of felonious assault with specifications, aggravated burglary with specifications, and carrying a concealed weapon after entering the home of Bennie and Marion McPherson, pointing a gun at them, and shooting Bennie in the back. His trial counsel entered a plea of not guilty by reason of insanity and a suggestion of incompetency.

{¶3} The trial court appointed the Court Clinic to conduct an examination of Allen. The report concluded that Allen was competent to stand trial, and the trial court journalized an entry stating that, "This cause to be heard and was submitted on the testimony and/or written report of Gail M. Hellmann, M.D., the Defendant being present with counsel and the Court * * *," and finding Allen competent to stand trial.

{¶4} Allen proceeded to a bench trial. After both McPhersons testified, Allen decided to plead guilty. In exchange for his guilty pleas to the attempted murder with a gun specification, one count of felonious assault, and carrying a concealed weapon, the state dismissed the gun specifications for the felonious

assault, one felonious-assault charge, and the aggravated burglary. They agreed on an aggregate sentence of 13 years' incarceration, which the judge imposed.

{¶5} The following facts are based on the trial testimony of the McPhersons.

{¶6} Allen had been the caretaker for the McPhersons' disabled grandson for several years. However, the McPhersons' daughter terminated his employment in the summer of 2017 because of his drug usage and inability to properly care for the child.

{¶7} On November 25, 2017, Allen visited the McPhersons at their home. Initially, they were very glad to see him and welcomed him into their home. Allen was carrying a box that Marion believed was a gift for them. When Allen opened the box, it contained a gun.

{¶8} Allen picked up the gun, and Bennie attempted to disarm him by grabbing the gun with both hands, while Marion fled from the home. During the struggle for the gun, Allen pushed Bennie, who fell to the floor. While Bennie was down, Allen shot him in the back. Allen reloaded the gun, and pulled the trigger two or three more times, but the gun did not fire. Bennie ran to his bedroom, retrieved his gun, and shot Allen in the shoulder.

{¶9} After Bennie testified, Allen decided to plead guilty. After engaging in a thorough plea colloquy with Allen, the court asked Allen's attorneys if they believed that Allen was competent and knowingly, intelligently, and voluntarily entering the plea agreement. Both answered affirmatively. During the plea hearing, the state incorporated the trial testimony into its recitation of the facts. After the recitation of facts, Allen was given an opportunity to comment on the facts and had nothing to add. The trial court accepted his guilty pleas.

{¶10} Prior to the imposition of the agreed sentence, Allen apologized to the victims. He further stated, "What happened that night, I shouldn't be in here. It was an accident." The court imposed the agreed sentence.

### The Pleas were Knowing, Intelligent, and Voluntary

{¶11} In his first assignment of error, Allen asserts that his pleas were not knowing, intelligent, or voluntary because he denied culpability during his apology to the victims. Specifically, Allen contends that the trial court should have ensured his pleas were intelligent, knowing, and voluntary after he denied culpability by claiming the shooting was an accident. To support this assertion, he relies on *State v. Padgett*, 67 Ohio App.3d 332, 338, 586 N.E.2d 1194 (2d Dist.1990), and *North Carolina v. Alford*, 400 U.S. 25, 38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) fn. 10.

{¶12} However, in both of those cases, the defendants claimed innocence while tendering their guilty pleas. In this case, Allen admitted his guilt to each offense during the plea hearing and did not contest the recitation of facts constituting each offense. And "a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 19. Moreover, both of Allen's attorneys confirmed to the court that the pleas were intelligent, knowing, and voluntary. Based on this record, we cannot conclude that Allen's apology to the victims was a claim of innocence.

{¶13} The first assignment of error is overruled.

### The Competency Hearing was Waived

{¶14} In his second assignment of error, Allen argues that the finding of competency was erroneous and flawed because the trial court failed to conduct a

hearing.

{¶15} First, the state contends that Allen's guilty pleas have waived his right to challenge the trial court's failure to conduct the competency hearing. "A defendant who has pled guilty may, on appeal, attack only the voluntary, knowing, and intelligent nature of the plea, and may not raise independent claims relating to alleged deprivation of rights that occurred prior to the entry of the plea, except to the extent such error caused the plea to be less than voluntary, knowing, and intelligent." *State v. Cruz*, 8th Dist. Cuyahoga No. 93403, 2010-Ohio-3717, ¶ 20, citing *State v. Sadowsky*, 8th Dist. Cuyahoga Nos. 90696 and 91796, 2009-Ohio-341, fn. 1; *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992). In this case, the failure to hold a competency hearing "goes directly to whether his plea was voluntary, knowing, and intelligent." *In re K.A.*, 8th Dist. Cuyahoga No. 104938, 2017-Ohio-6979, fn. 2. Therefore, the guilty pleas did not waive a challenge to the trial court's failure to conduct the required competency hearing. *Id.*

{¶16} Essentially, Allen contends that the competency determination was in error due to the lack of a hearing, and a hearing was required before finding him competent. After counsel for Allen filed a suggestion of incompetency on December 14, 2017, the trial court appointed the Court Clinic to conduct an evaluation. A competency hearing was scheduled on January 29, 2018. The Court Clinic report that was filed with the trial court concluded that Allen was competent. The court journalized an entry finding that Allen was competent. The entry reflects that, "This cause to be heard and was submitted on the testimony and/or written report of Gail M. Hellmann, M.D., the Defendant being present with counsel and the Court * * *."

**{¶17}** R.C. 2945.37(E) provides for submitting the competency report as evidence by stipulation. A defendant may waive his right to a competency hearing by stipulating to the competency report. *State v. O'Neill*, 7th Dist. Mahoning No. 03 MA 188, 2004-Ohio-6805, ¶ 21. "Where the parties stipulate to the contents of the competency reports which opine that the defendant is competent, the parties stipulate to competency and waive the competency hearing." *Id.* The entry finding Allen competent reflects that the cause was submitted on the report with Allen and his counsel present. Therefore, Allen waived the competency hearing. *See id.*

**{¶18}** We overrule the second assignment of error.

### Conclusion

**{¶19}** Having overruled Allen's two assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**MYERS** and **CROUSE, JJ.**, concur.

Please note:

    The court has recorded its own entry this date.