JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Andrew J. Ferguson, appeals from a common pleas court order finding him to be a sexual predator. He argues that the court erred by failing to specifically address all of the statutory factors as required, the court erred by failing to find he was an habitual sexual offender, and Ohio's sexual predator statutes are unconstitutional ex post facto legislation. We find no error in the proceedings below. We also find that R.C. 2950.01 et seq. is not an unconstitutional ex post facto law. Accordingly, we affirm.
 {¶ 2} Appellant was convicted of three counts of rape and one count of kidnapping in August 1990, and was sentenced to a prison term of fifteen to twenty-five years. His conviction was affirmed on appeal.
 {¶ 3} On July 3, 2000, the state moved the court to adjudicate appellant to be a sexual predator. On February 22, 2006, the court instructed the warden of the Grafton Correctional Institution to send a House Bill 180 packet to the court, and ordered appellant returned to the court for hearing. After the hearing, the court determined that appellant was a sexual predator. In its order entered June 15, 2006, the court found that the defendant "is by clear and convincing evidence, likely to engage in one or more sexually oriented offenses in the future * * * for the following reasons: among other things a prior rape conviction in 1980 and the fact that defendant presents in the moderate to high risk category for reoffending." Appellant appeals from this order. *Page 4 
 {¶ 4} In his first assignment of error, appellant complains that the court did not individually assess each of the statutory factors it was required to consider under R.C. 2950.09(B)(2). In concluding that the court was required to do so, appellant misreads the Ohio Supreme Court's decision in State v. Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247.Eppinger does not dictate that the trial court must individually assess each of the statutory factors on the record. Rather, Eppinger holds that "the trial court should consider the statutory factors listed in R.C.2950.09(B)(2), and should discuss on the record the particular evidenceand factors upon which it relies in making its determination regarding the likelihood of recidivism." Id. at 889 (emphasis added); also seeState v. Thompson, 92 Ohio St.3d 584, 587-88, 2001-Ohio-1288. Thus, while it might be the better practice for the court to assess each of the statutory factors expressly, Eppinger only suggests that the court should discuss the factors it actually relied upon in reaching its decision.
 {¶ 5} At the sexual predator hearing, the state presented evidence of appellant's conviction and sentence in this case, as well as appellant's prior convictions for rape and robbery in 1980 and grand theft in 1976. The state further presented a copy of the court of appeals' decision in this case, which set forth the evidence upon which these convictions were based, and a copy of the police report, the victim's statement and the appellant's statement to the police regarding the 1980 rape. The state also presented a court psychiatric report regarding appellant, and the results of a STATIC-99 test which placed him in a high risk category for reoffending. *Page 5 
Appellant also testified at the hearing. The court stated that "based on all of the evidence presented, and the testimony of Mr. Ferguson, and particularly in light of the evaluation of the Court Psychiatric Clinic, the defendant is assessed to be in the high risk category for recidivism." Therefore, the court found, appellant was a sexual predator. In its judgment entry, the court specifically included appellant's prior rape conviction as a basis for its sexual predator finding, as well as the psychiatric assessment that appellant was at a moderate to high risk for reoffending. The basis for the court's decision was clear on the record. There is some competent credible evidence in the record to support the court's decision that the state proved appellant was a sexual predator by clear and convincing evidence.State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, 4|41. Therefore, we overrule the first assignment of error.
 {¶ 6} Second, appellant contends that the court erred by failing to find that he was an habitual sexual offender. We disagree. Because appellant was convicted before January 1, 1997, the court was required to make a determination whether appellant was an habitual sexual offender only if it found that he was not a sexual predator. Compare R.C. 2950.09(C)(2)(c) and (E)(1). Therefore, we overrule the second assignment of error. State v. Twiggs, Cuyahoga App. No. 88142,2007-Ohio-1302, T|28.
 {¶ 7} Finally, appellant contends that R.C. 2950.09 as amended by Senate Bill 5 (which repealed an offender's ability to seek removal of the sexual predator label and imposed residency restrictions on offenders) imposes ex post facto *Page 6 
punishment. Again, we must disagree. In fact, the United States Supreme Court has "upheld against ex post facto challenges laws imposing regulatory burdens on individuals convicted of crimes without any corresponding risk assessment. See De Veau[v. Braisted (1960)],363 U.S. [144], at 160; Hawker [v. New York (1898), 170 U.S. [189], at 197. As stated in Hawker: `Doubtless, one who has violated the criminal law may thereafter reform and become in fact possessed of a good moral character. But the legislature has power in cases of this kind to make a rule of universal application. . . .' Ibid. The State's determination to legislate with respect to convicted sex offenders as a class, rather than require individual determination of their dangerousness, does not make the statute a punishment under the Ex Post Facto Clause." Smith v.Doe (2003), 538 U.S. 84, 104. If the lack of individualized risk assessment does not make a regulatory burden punitive, we fail to see how the lack of individualized risk re-assessment could do so. SeeState v. Baron, 156 Ohio App.3d 241, 2004-Ohio-747, ¶ 11. Accordingly, we overrule the third assignment of error.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's *Page 7 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR *Page 1