JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Wilfredo Caraballo ("defendant"), appeals the judgment of the Cuyahoga County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. Chapter 2950 and sentencing him to three and one-half years incarceration to be served consecutively with any future sanctions imposed by Summit County, Ohio and Jefferson County, Missouri. For the following reasons, we affirm in part, reverse and remand in part, and modify defendant's sentence in part.
 {¶ 2} On January 23, 2007, defendant pled guilty to two counts of rape in violation of R.C. 2907.02, two counts of gross sexual imposition in violation of R.C. 2907.05, one count of kidnapping with a sexual specification in violation of R.C. 2905.01, and one count of intimidation in violation of R.C. 2921.04. The charges stemmed from an incident that occurred when defendant forced himself upon a female co-worker at her home after work.
 {¶ 3} On February 28, 2007, the trial court conducted a sexual predator hearing and adjudicated defendant a sexual predator. The trial court also sentenced defendant to a term of three and one-half years imprisonment.[1] This sentence was *Page 4 
ordered to be served consecutively to any prison terms that defendant might receive in Jefferson County, Missouri and/or Summit County, Ohio.[2]
 {¶ 4} Defendant now appeals and asserts six assignments of error for our review.
 {¶ 5} "I. The trial court never conducted the statutorily required analysis in determining that Mr. Caraballo was a sexual predator."
 {¶ 6} The law in effect at the time of defendant's hearing, R.C.2950.09(B)(4),[3] requires a trial court to determine by clear and convincing evidence that an offender is a sexual predator. A sexual predator is an individual who has been convicted of a sexually oriented offense and is likely to commit a sexually oriented offense in the future. R.C. 2950.01(E)(1).
 {¶ 7} In making a sexual predator determination, a trial court should consider all relevant factors, which include, but are not limited to, the following: the offender's age, the offender's prior criminal record, the age of the victim, whether the sexually oriented offense for which sentence was imposed involved multiple victims, whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting, whether the offender has participated in available programs for sexual offenders, any mental illness or mental disability of the offender, the nature of the *Page 5 
offender's conduct and whether that conduct was part of a demonstrated pattern of abuse, whether the offender displayed cruelty during the commission of the crime, and any additional behavioral characteristics that contributed to the offender's conduct. R.C. 2950.09(B)(3);State v. Shields, Cuyahoga App. No. 85998, 2006-Ohio-1536.
 {¶ 8} A trial court is not required to individually assess each of these statutory factors on the record nor is it required to find a specific number of these factors before it can adjudicate an offender a sexual predator so long as its determination is grounded upon clear and convincing evidence. State v. Ferguson, Cuyahoga App. No. 88450,2007-Ohio-2777; State v. Purser (2003), 153 Ohio App.3d 144, 149. A trial court may find an offender to be a sexual predator "even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense."State v. Randall (2001), 140 Ohio App.3d 160, 166. The court need not elaborate on its reasons for finding certain factors as long as the record includes the particular evidence upon which the trial court relied in making its adjudication. State v. Ferguson, supra; State v.Eppinger (2001), 91 Ohio St.3d 158, 166.
 {¶ 9} After reviewing the record, we conclude that the trial court did not err when it classified defendant as a sexual predator. Here, the evidence demonstrated that the defendant was 25 years of age at the time of the incident and that the victim *Page 6 
was 17 years old. There was a position of trust between the two, i.e., they were co-workers at a local McDonalds and the defendant knew the victim's father. The nature of the offender's sexual conduct included oral and vaginal intercourse. The nature of the defendant's conduct following the commission of the sexually oriented offense indicated the potential for cruelty, since the defendant attempted to coerce the victim to not report the offense. The trial court also noted that it was significant that defendant's account of the offense to the probation department was inconsistent with his account to the court's psychiatric clinic, where he denied responsibility for his actions. The basis for the court's decision is clear on the record.
 {¶ 10} Defendant argues that, notwithstanding the court's findings, most of the statutory factors weighed against a sexual predator determination and that he scored in the low-risk-to-reoffend range in the Static-99 report, a series of tests designed to recognize if a sexual offender is likely to reoffend.
 {¶ 11} A trial court is not required to rely solely on psychiatric findings or opinions in its determination regarding the likelihood of recidivism. State v. Robertson (2002), 147 Ohio App.3d 94, 101. Rather, the psychiatric evidence is to be viewed in totality with the other evidence before the court. Id. This Court has consistently held that a "low risk" result from standardized testing does not preclude a sexual predator adjudication. See State v. Purser (2003), 153 Ohio App.3d 144;State v. Colpetzer, Cuyahoga App. No. 79983, 2002-Ohio-967; State v.Ellison, Cuyahoga App. No. 78256, 2002-Ohio-4024. Specifically, "the psychological tests *Page 7 
designed to indicate a sexual offender's propensity to reoffend, and the resulting risk level, must * * * not be blindly relied upon." State v.Purser, supra at ¶ 42.
 {¶ 12} Here, we find that there was competent, credible evidence to support the trial court's finding that the State proved by clear and convincing evidence that defendant is a sexual predator. See State v.Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202. Although we recognize that some evidence weighs in defendant's favor, this does not imply that the court erred in adjudicating defendant a sexual predator. It is clear from the record that the court considered the evidence and balanced the factors when it concluded that defendant possessed a likely risk to recidivate. We find that the factors relied upon by the trial court, when taken together, are sufficient to support its conclusion by clear and convincing evidence.
 {¶ 13} Assignment of Error I is overruled.
 {¶ 14} "II. Mr. Caraballo was denied due process of law and trial by jury by virtue of his having been found to be a sexual predator in a non-jury proceeding because the sexual predator designation is an additional punishment for his criminal offenses."
 {¶ 15} In his second assignment of error, defendant argues that the trial court's finding that he is a sexual predator deprived him of his Sixth Amendment right to a trial by jury because it was a judicial finding that he was likely to re-offend and constitutes an additional criminal punishment. *Page 8 
 {¶ 16} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court held that R.C. 2929.14 and 2929.19 violated a defendant's Sixth Amendment right to a trial by jury because it required judicial fact-finding before the imposition of a greater than minimum sentence. However, courts have consistently held that Foster is inapplicable to sexual predator adjudications because R.C. 2950.09 is civil and remedial in nature, rather than punitive. See State v. Cook, 83 Ohio St.3d 404,417, 1998-Ohio-291; State v. Bursey, Cuyahoga App. No. 88924,2007-Ohio-4847; State v. Imburgia, Cuyahoga App. No. 87917,2007-Ohio-390; State v. Prunchak, Cuyahoga App. No. 88572,2007-Ohio-3272; State v. Harrison, Madison App. No. CA2006-08-028,2007-Ohio-7078, at ¶ 32.
 {¶ 17} Accordingly, the Sixth Amendment rights that an accused is entitled to "in all criminal prosecutions" do not attach to a sexual predator hearing. Goldfuss v. Davidson, 79 Ohio St.3d 116, 126,1997-Ohio-401. In addition, judicial fact-finding made pursuant to R.C. Chapter 2950 does not run afoul of the proscription against "imposing a sentence greater than that allowed by the jury verdict or by the [accused's] admissions at a plea hearing." See State v. Snow, Hamilton App. No. C-060963, 2007-Ohio-6338, citing State v. Foster, supra at ¶ 7 and State v. Bursey, supra at ¶ 18.
 {¶ 18} Assignment of Error II is overruled.
 {¶ 19} "III. Mr. Caraballo was denied due process of law by virtue of the residency restriction placed upon him as a sexual registrant." *Page 9 
 {¶ 20} In his third assignment of error, defendant argues that the residence restrictions found in R.C. 2950.031 regarding sexually oriented offenders are unconstitutional as applied to him.
 {¶ 21} R.C. 2950.031 provides as follows:
 {¶ 22} "(A) No person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to either a sexually oriented offense that is not a registration-exempt sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises.
 {¶ 23} "(B) If a person to whom division (A) of this section applies violates division (A) of this section by establishing a residence or occupying residential premises within one thousand feet of any school premises, an owner or lessee of real property that is located within one thousand feet of those school premises, or the prosecuting attorney, village solicitor, city or township director of law, similar chief legal officer of a municipal corporation or township, or official designated as a prosecutor in a municipal corporation that has jurisdiction over the place at which the person establishes the residence or occupies the residential premises in question, has a cause of action for injunctive relief against the person. The plaintiff shall not be required to prove irreparable harm in order to obtain the relief."
 {¶ 24} The United States Supreme Court has held that laws imposing regulatory burdens on individuals convicted of crimes without any corresponding risk *Page 10 
assessment do not impose ex post facto punishment. State v.Ferguson, supra citing De Veau v. Braisted (1960), 363 U.S. 144 at 160,80 S.Ct. 1146, 4 L.Ed.2d 1109. Specifically, a State's determination to legislate a residency restriction on convicted sex offenders as a class, rather than require an individual determination of their dangerousness, does not make the residency restriction a punishment under the ex post facto clause. State v. Ferguson, supra, citing Smith v. Doe (2003),538 U.S. 84, 104, 123 S.Ct. 1140, 155 L.Ed.2d 164.
 {¶ 25} Moreover, the defendant waived this issue by not raising it in the trial court. "Failure to raise at the trial court level the issue of the constitutionality of a statute * * * constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Smith (1991),61 Ohio St.3d 284, 293.
 {¶ 26} Assignment of Error III is overruled.
 {¶ 27} "IV. The trial court erred in imposing the sentence in the instant case consecutively to any sentence to be imposed in the future against Mr. Caraballo."
 {¶ 28} At the time of this incident, defendant apparently had a drug case in Missouri and a corruption and theft case in Summit County. It is unclear in the record whether defendant has been sentenced on either of these cases. At one point, the transcript indicates that defendant received three years in Jefferson County, Missouri (Tr. 27) and four years in Summit County, Ohio (Tr. 27-28). However, later in the hearing, the trial court specifically states that "the entire *Page 11 
sentence is consecutive to anything that Jefferson County, Missourimay impose, and/or Summit County, Ohio may impose * * *."
 {¶ 29} R.C. 2929.14(E) grants judges the authority to impose consecutive sentences. In relevant part, the statute reads: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively." Id.
 {¶ 30} However, a sentence cannot run consecutively with a future sentence because "when a trial court imposes a sentence and orders it to be served consecutively with any future sentence to be imposed, it appears that such a sentence interferes with the discretion of the second trial judge to fashion an appropriate sentence." State v.White (1985), 18 Ohio St.3d 340, 342-343. See, also, State v.Miegaj, Lucas App. No. L-07-1070, 2007-Ohio-5992; State v. Wise, Clermont App. No. CA2003-12-113, 2004-Ohio-6241; State v. Watson (1992),76 Ohio App.3d 258, 261.
 {¶ 31} Here, the record shows that the trial court expressly stated that its sentence was to run consecutively with the anticipated sentence in defendant's other cases. Since it does not appear that either of these courts had imposed their sentences upon defendant at the time of sentencing by the trial court, the Cuyahoga court exceeded its authority by ordering its sentence to run consecutively with a sentence not yet been imposed by the Summit County, Ohio or Jefferson County, Missouri court. *Page 12 
 {¶ 32} Pursuant to App.R. 12(B), we hereby modify the trial court's judgment entry, journalized on March 2, 2007. The judgment entry is modified to reflect the following: the statement "This sentence is to be served consecutively to Jefferson County, Miss. #23-CR-300-4030 and Summit County #CR 2001-12-3475A" is excised.
 {¶ 33} Assignment of Error IV is sustained.
 {¶ 34} "V. Appellant was deprived of his liberty without due process of law when he was sentenced under a judicially altered, retroactively applied, and substantially disadvantageous statutory framework."
 {¶ 35} In this assignment of error, defendant challenges the trial court's imposition of sentence. Specifically, defendant asserts that he should have received the minimum, concurrent term of incarceration. Defendant contends that he received a harsher sentence as a result of the retroactive application of the Ohio Supreme Court's decision inState v. Foster, 2006-Ohio-856. We find that defendant's three and one-half year sentence was not contrary to law.
 {¶ 36} Foster was decided on February 27, 2006. Defendant committed his offenses on April 3, 2006. Accordingly, Foster was in effect at the time defendant committed his crimes and was not retroactively applied to him. Moreover, the felony sentencing ranges did not change in the wake of Foster. Rather, the Ohio Supreme Court excised the judicial fact-finding provisions that it found to be unconstitutional and directed that "trial courts have full discretion to impose a prison sentence within *Page 13 
the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. Accordingly, there was no presumption that defendant would receive the minimum term of imprisonment and his prison term of three and one-half years of imprisonment, rather than three years, is not contrary to law.
 {¶ 37} Assignment of Error V is overruled.
 {¶ 38} "VI. The kidnapping conviction in Count Five must be vacated because it is allied with the convictions for rape and gross sexual imposition."
 {¶ 39} In his last assignment of error, defendant argues that the trial court erred when it failed to merge the kidnapping count with the rape and gross sexual imposition counts as allied offenses. The State concedes this assignment of error. Accordingly, Assignment of Error VI is sustained and the matter is remanded for the sole purpose of merging the kidnapping count with the rape and gross sexual imposition convictions and thereby modifying the sentence on Count 5 (kidnapping).
 {¶ 40} Judgment affirmed in part, reversed in part and remanded for merger of the allied offenses and modification of sentence on Count 5, and the sentencing judgment is hereby modified as stated above.
It is ordered that appellant recover from appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. *Page 14 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] Defendant was sentenced to minimum terms of incarceration on each count: three years on both rape counts, six months on both gross sexual imposition counts, three years on the kidnapping count, and one year on the intimidation count. All sentences to run concurrently except the six months on one count of gross sexual imposition, which ran consecutive to the others.
[2] Apparently, defendant has a drug case in Missouri where he was sentenced to three years incarceration and a corruption and theft case in Summit County where he was sentenced to four years of incarceration.
[3] R.C. 2950.09 was repealed effective January 1, 2008. *Page 1