JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Ronald Hotchkiss appeals from the trial court's decision to classify him as a sexual predator.
 {¶ 2} He presents two assignments of error. First, Hotchkiss argues that the trial court's decision, while supported in the record, should be reversed because the trial court indicated, as one of the bases for its decision, that previously it chose to impose consecutive terms for his convictions. Hotchkiss claims this was improper. Second, Hotchkiss argues that since he can never have the classification removed, R.C. 2950.09 constitutes ex post facto and retroactive legislation.
 {¶ 3} This court finds no merit to either of the arguments Hotchkiss raises. Consequently, his classification as a sexual predator is affirmed.
 {¶ 4} Hotchkiss originally was indicted in this case in 1991 at the age of thirty-nine. The alleged victim was his niece, born in 1976. The indictment charged him with committing, over a period of years from 1984 to 1988, five counts of gross sexual imposition and eight counts of forcible rape of a child under the age of thirteen. The first five counts each carried a violence specification for Hotchkiss' 1983 conviction for sexual battery.
 {¶ 5} Hotchkiss eventually entered pleas of guilty to the first five counts in exchange for the dismissal of the rape charges. The trial court accepted his pleas, found him guilty, and ordered a presentence report. The court subsequently sentenced Hotchkiss to consecutive terms of four to ten years on each count. *Page 3 
 {¶ 6} In 2007, the trial court called the case for a sexual classification hearing. The parties agreed at the outset of the hearing to permit the introduction into evidence, as court's exhibits, of Hotchkiss' prison record and the "sexual predator evaluation" performed by the court's clinical psychologist. The state also presented copies of the journal entries of Hotchkiss' previous convictions.
 {¶ 7} Hotchkiss presented the testimony of the court's clinical psychologist, Michael Caso. Caso indicated that although Hotchkiss placed in a high risk category on the "Static-99" test for sexual offense recidivism, his results in the "ABEL Assessment" indicated he had no unusual sexual interest in children.
 {¶ 8} On cross-examination, Caso acknowledged that Hotchkiss had several convictions for sexual offenses against adolescent females. Furthermore, as the prosecutor pointed out during his argument to the court, Caso's initial "diagnostic impression" was "pedophilia."
 {¶ 9} At the conclusion of the hearing, the court found by "clear and convincing evidence" that Hotchkiss should be classified as a sexual predator. The court noted the statutory factors[1] that applied to him, which included three prior convictions of sexual crimes upon victims of a young age who were unrelated, along with other convictions, and a history of substance abuse. *Page 4 
 {¶ 10} The court further stated, "And tellingly enough is [the fact] that this Court sentenced Mr. Hotchkiss in 1992 to five consecutive sentences, which the Court rarely [does]. The Court must have had a familiarity at the time more than is specified in the pre-sentence report that is abbreviated and prepared for the Court at the time of sentencing."[2]
 {¶ 11} Hotchkiss now appeals from the trial court's classification of him as a sexual predator. He presents two assignments of error.
 "I. The trial court improperly relied upon an inarticulable recollection of assumedly aggravating circumstances in determining that Mr. Hotchkiss was a sexual predator.
 "II. R.C. 2950.01 et seq., as applied to Mr. Hotchkiss violates Art. I, Sec. 10 of the United Sates Constitution as ex post facto legislation and violates Art. II, Sec. 28 of the Ohio Constitution as retroactive legislation."
 {¶ 12} While conceding that his classification as a sexual predator is based upon enough "competent and credible evidence" to support it, Hotchkiss nevertheless argues in his first assignment of error that the trial court erred when it *Page 5 
mentioned, as additional support for its decision, its choice at the original sentencing hearing to impose consecutive terms for each of his convictions. Hotchkiss' argument, when viewed logically, fails.
 {¶ 13} "The basis for the court's decision was clear on the record."State v. Ferguson, Cuyahoga App. No. 88450, 2007-Ohio-2777, ¶ 5, citingState v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202. In this case, the trial court specifically mentioned the statutory factors upon which it relied in determining the likelihood of Hotchkiss' recidivism. State v.Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247. The list is not exclusive, however; the court is entitled to consider other information that might be relevant to its decision. State v. Baron, 156 Ohio App.3d 241,2004-Ohio-747, ¶¶ 14-15.
 {¶ 14} The court commented on the fact that Hotchkiss' case was unusual, because, at the sentencing hearing, the court deemed it necessary to impose consecutive terms for each sexual offense conviction contained in a single indictment. This was more of a remark than a basis for the court's decision. The court had information that indicated Hotchkiss, a repeat sexual offender, met the criteria for a diagnosis of pedophilia.
 {¶ 15} Certainly, all of the information the court possessed was relevant to the question of whether Hotchkiss was "likely" to re-offend. This court cannot and will not, therefore, gainsay the trial court's consideration of all the circumstances presented in this case. State v.Wilson, Cuyahoga App. No. 89419, 2008-Ohio-55. *Page 6 
 {¶ 16} Hotchkiss' first assignment of error, accordingly, is overruled.
 {¶ 17} In his second assignment of error, Hotchkiss argues that, because he committed his offenses before R.C. 2950.09 was amended to prevent him from seeking to have his sexual offender classification "revisited," the statute is now unconstitutional as retroactive and ex post facto "punishment." This court previously has addressed this argument and has rejected it. Id., ¶ 11; State v. Ferguson, supra, ¶ 7.
 {¶ 18} Therefore, Hotchkiss' second assignment of error also is overruled.
 {¶ 19} The trial court's classification of him as a sexual predator is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and ANTHONY O. CALABRESE, JR., J., CONCUR
[1] R.C. 2950.09(B).
[2] Oddly, a copy of what appears to be the original presentence report in this case is now among the papers in the record on appeal, although in the transcript of the hearing, is not mentioned as an exhibit by any of the parties, nor does the trial court state it was marked as an exhibit. Such reports are not readily available; ordinarily, this court specifically requests a presentence report if it is deemed necessary to the resolution of the issues on appeal. *Page 1