JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Appellant, James Peak, appeals the judgment of the Cuyahoga County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. Chapter 2950. For the reasons stated herein, we affirm.
 {¶ 2} On November 3, 2004, Peak was indicted on three counts each of rape, gross sexual imposition, and kidnapping. The indictment subsequently was amended, and Peak pled guilty to two counts of sexual battery and one count of abduction. All remaining counts were nolled.
 {¶ 3} The trial court held a sentencing hearing and imposed a total term of incarceration of two years. The court also conducted a sexual-predator-classification hearing and determined that Peak is a sexual predator.
 {¶ 4} Peak filed this appeal, raising two assignments of error for our review. His first assignment of error provides as follows:
 {¶ 5} "I. R.C. 2950.031 violates the Due Process Clauses of the United States and Ohio Constitutions."
 {¶ 6} Under this assignment of error, Peak challenges the constitutionality of Ohio's residency restrictions on sexually oriented offenders. R.C. 2950.031 prohibits certain sexually oriented offenders from living within 1,000 feet of a school.[1] *Page 4 
 {¶ 7} In this case, Peak waived any challenge to the constitutionality of R.C. 2950.031 by failing to raise the issue in the trial court. The "`[f]ailure to raise at the trial court level the issue of the constitutionality of a statute * * * constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.'" State v. Caraballo, Cuyahoga App. No. 89757, 2008-Ohio-2046, quoting State v. Smith (1991),61 Ohio St.3d 284, 293.
 {¶ 8} Additionally, Peak lacks standing to challenge the constitutionality of R.C. 2950.031. Standing is lacking where the record fails to show whether the defendant has suffered an actual deprivation of his property rights by operation of R.C. 2950.031. State v.Amos, Cuyahoga App. No. 89855, 2008-Ohio-1834. Here, Peak never claimed that he resided within 1,000 feet of a school, or that he was forced to move from an area because of his proximity to a school.
 {¶ 9} Nevertheless, this court has previously recognized: "The United States Supreme Court has held that laws imposing regulatory burdens on individuals convicted of crimes without any corresponding risk assessment do not impose ex post facto punishment. State v.Ferguson, [Cuyahoga App. No. 88450, 2007-Ohio-2777], citing De Veau v.Braisted (1960), 363 U.S. 144 at 160, 80 S.Ct. 1146, 4 L.Ed.2d 1109. Specifically, a State's determination to legislate a residency restriction on convicted sex offenders as a class, rather than require an individual determination of their dangerousness, does not make the residency restriction a *Page 5 
punishment under the ex post facto clause. State v. Ferguson, supra, citing Smith v. Doe (2003), 538 U.S. 84, 104, 123 S.Ct. 1140,155 L.Ed.2d 164." Caraballo, supra.
 {¶ 10} Peak's first assignment of error is overruled.
 {¶ 11} Peak's second assignment of error provides as follows:
 {¶ 12} "II. The state failed to prove `by clear and convincing evidence' that appellant `is likely to engage in the future in one or more sexually oriented offenses.'"
 {¶ 13} The law in effect at the time of defendant's hearing, R.C.2950.09(B)(4), required a trial court to determine by clear and convincing evidence that an offender is a sexual predator.[2] A sexual predator is an individual who has been convicted of a sexually oriented offense and is likely to commit a sexually oriented offense in the future. R.C. 2950.01(E)(1).
 {¶ 14} In making a sexual-predator determination, a trial court should consider all relevant factors, which include, but are not limited to, the following: the offender's age, the offender's prior criminal record, the age of the victim, whether the sexually oriented offense for which sentence was imposed involved multiple victims, whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting, whether the offender has participated in available programs for sexual offenders, any mental illness or mental disability of the offender, the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of *Page 6 
abuse, whether the offender displayed cruelty during the commission of the crime, and any additional behavioral characteristics that contributed to the offender's conduct. R.C. 2950.09(B)(3); State v.Shields, Cuyahoga App. No. 85998, 2006-Ohio-1536.
 {¶ 15} A trial court is not required to individually assess each of these statutory factors on the record, nor is it required to find a specific number of these factors before it can adjudicate an offender a sexual predator, so long as its determination is grounded upon clear and convincing evidence. State v. Ferguson, supra; State v. Purser (2003),153 Ohio App.3d 144, 149, 2003-Ohio-3523. "Because sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the trial judge's findings are supported by some competent, credible evidence." State v. Wilson, 113 Ohio St.3d 382, 390, 2007-Ohio-2202.
 {¶ 16} In this case, Peak claims that there was insufficient evidence to support the determination that he is a sexual predator. He argues that this was his only sexual offense and that the court failed to give meaningful consideration to the court psychiatric report. In challenging the trial court's sexual-predator determination, Peak relies heavily upon the results of the Static-99 test and the Abel assessment. The Static-99 test predicted a recidivism rate of 26 percent within five years, 31 percent within ten years, and 36 percent within 15 years. There was no indication *Page 7 
from the Abel assessment that Peak has a sexual interest in children. Further, only two recidivism factors were reported: Peak has prior convictions, and the victims were not related to Peak.
 {¶ 17} This court has consistently recognized: "A trial court is not required to rely solely on psychiatric findings or opinions in its determination regarding the likelihood of recidivism. State v.Robertson, 147 Ohio App.3d 94, 101, 2002-Ohio-494, 768 N.E.2d 1207. Rather, the psychiatric evidence is to be viewed in totality with the other evidence before the court. Id." Caraballo, supra; State v.Johnson, Cuyahoga App. No. 88600, 2007-Ohio-3072.
 {¶ 18} Here, the record reflects that the trial court considered the psychiatric evidence together with all of the other evidence and relevant factors, including those specified in R.C. 2950.09(B).
 {¶ 19} Peak pled guilty to two counts of sexual battery, which is a sexually oriented offense, in violation of R.C. 2907.03(A)(1). He also pled guilty to abduction, in violation of R.C. 2905.02. The seven-year-old victim reported that she was digitally penetrated and forced to masturbate Peak. The five-year-old victim reported that she was forced to touch Peak's penis and perform oral sex on him.
 {¶ 20} The trial court considered that at the time of the proceeding Peak was thirty-six years old. The offenses herein were committed when the victims were five and seven years old, and when Peak was twenty-four years old. The offenses were committed against multiple victims, and Peak's sexual conduct with the victims *Page 8 
occurred on separate occasions. According to the victims, Peak told them they would get in trouble if they told. Peak was romantically involved with the mother of the victims, and he resided with them.
 {¶ 21} Peak also had a criminal history. In 1989, he was convicted of child endangering: he physically abused his girlfriend's 22-month-old and four-year-old children. He had convictions for drug related activities in 1998, grand theft motor vehicle in 2000, and domestic violence in 2002. Peak also had a history of violating probation. The court considered that the prior convictions were not sex offenses.
 {¶ 22} The court also considered that no alcohol or drugs were used to impair the victims, and there were no additional behavioral characteristics that contributed to Peak's conduct. The court reviewed the sexual predator evaluation/mitigation report, which included the Static-99 test, the Abel assessment, and recidivism factors. The report also reflected that Peak met the diagnostic criteria for the DSM-IV mental disorder for alcohol dependence.
 {¶ 23} After considering all of the evidence, the statutory factors, and the arguments of counsel, the trial court found by clear and convincing evidence that Peak was a sexual predator. Upon our review, we find that there was competent, credible evidence of a clear and convincing nature that supports the conclusion that appellant is likely to commit future sex offenses. We conclude that the trial court did not err in classifying appellant as a sexual predator.
 {¶ 24} Peak's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, PRESIDING JUDGE
MELODY J. STEWART, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] The Ohio Supreme Court recently held that "R.C. 2950.031 does not apply to an offender who bought his home and committed his offense before the effective date of the statute." Hyle v. Porter,117 Ohio St.3d 165, 165, 2008-Ohio-542.
[2] R.C. 2950.09 was repealed effective January 1, 2008. *Page 1