JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Thavian Huddleston, appeals the judgment of the Cuyahoga County Court of Common Pleas with respect to his sentence and sexual predator classification. For the reasons stated herein, we affirm.
 {¶ 2} Huddleston was charged in a 17-count indictment on January 30, 2007. Counts 1 and 2 charged rape in violation of R.C. 2907.02. Counts 3, 4, and 5 charged kidnapping in violation of R.C. 2905.01, with each count containing a sexual motivation specification. Counts 6, 7, and 9 charged felonious assault in violation of R.C. 2903.11. Count 8 charged attempted murder in violation of R.C. 2923.02 and 2903.02. Counts 10 and 11 charged aggravated burglary in violation of R.C. 2911.11. Count 12 charged burglary in violation of R.C. 2911.12. Count 13 charged retaliation in violation of R.C. 2921.05. Counts 14 and 15 charged intimidation in violation of R.C. 2921.04. Count 16 charged disrupting public services in violation of R.C. 2909.04. Count 17 charged possession of criminal tools in violation of R.C. 2923.24.
 {¶ 3} Huddleston ultimately pled guilty as part of a plea agreement to six counts of the indictment: count 1, rape; count 3, kidnapping without the sexual motivation specification; counts 6 and 9, felonious assault; count 12, burglary; and count 14, intimidation. The remaining counts were nolled. The court accepted Huddleston's plea and ordered both a presentence investigation report and a court psychiatric report. *Page 4 
 {¶ 4} On August 31, 2007, the trial court conducted a sexual classification hearing and a sentencing hearing. The court sentenced Huddleston to a total term of incarceration of 24 years and determined that Huddleston was a sexual predator.
 {¶ 5} Huddleston has appealed his sentence and the sexual predator determination. He has raised five assignments of error for our review.
 {¶ 6} Huddleston's first assignment of error provides as follows: "Appellant's sentence is contrary to law and violative of due process because the trial court failed to consider whether the sentence was consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 7} Huddleston argues that his sentence is contrary to law because the record in this case fails to demonstrate that the trial court considered whether his sentence was consistent with sentences imposed upon similar offenders. We find no merit to this argument.
 {¶ 8} In State v. Foster, 109 Ohio St.3d. 1, 2006-Ohio-856, the Ohio Supreme Court emphasized that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Nevertheless, in exercising its discretion, a trial court must carefully consider the statutes that apply to every felony case, including *Page 5 
R.C. 2929.11 and 2929.12, and the statutes that are specific to the case itself. State v. Mathis, 109 Ohio St.3d 54, 62, 2006-Ohio-855.
 {¶ 9} When reviewing a trial court's proportionality analysis, we review the record to determine if it demonstrates that the trial court failed to consider the purposes and principles of R.C. 2929.11.State v. Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341. Under R.C. 2929.11(B), a sentence imposed for a felony "shall be reasonably calculated to achieve the two overriding purposes of felony sentencing [protecting the public from future crime and punishing the offender], commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 10} Upon review, we do not find that Huddleston's sentence was inconsistent and contrary to law. The record indicates that Huddleston was charged with multiple crimes, that he agreed to have his sentences run concurrent to each other, and that he agreed to at least a minimum period of 12 years of imprisonment. The trial court indicated that in running consecutive sentences, the total maximum sentence that could be imposed was 47 years. Huddleston understood this when he entered his plea of guilty.
 {¶ 11} In sentencing Huddleston, the trial court was able to consider the presentence investigation report, the court psychiatric report, and the *Page 6 
arguments of counsel. The trial judge specifically addressed the seriousness of Huddleston's conduct, stating it was "cruel," "one of the worst," and "a very bad case." Our review reflects that the allegations in the case were that Huddleston had tied the victim up with a phone cord, demanded anal sex, burned the victim on the buttocks with a steam iron when she protested, and forced her to engage in anal intercourse and to perform oral sex on him.
 {¶ 12} Because the trial court is not required to make specific findings on the record, the sentence imposed is within the statutory range for Huddleston's convictions, and because the record reflects that the trial judge considered the purposes and principles of R.C. 2929.11
in sentencing Huddleston, we find that his sentence is not contrary to law. Huddleston's first assignment of error is overruled.
 {¶ 13} Huddleston's second assignment of error provides as follows: "Appellant was deprived of his liberty without due process when he was sentenced under a judicially altered, retroactively applied, and substantially disadvantageous statutory framework."
 {¶ 14} Huddleston argues that the trial court violated his due process rights by retroactively applying changes to Ohio's sentencing statute adopted by the Ohio Supreme Court in Foster, 109 Ohio St.3d 1. Initially, we recognize that Huddleston's crimes occurredpost-Foster. Further, this court has previously *Page 7 
held that "the remedial holding of Foster does not violate [a defendant's] due process rights or the ex post facto principles contained therein." State v. Bradle, Cuyahoga App. No. 89856,2008-Ohio-366; State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-715. Huddleston's second assignment of error is overruled.
 {¶ 15} Huddleston's third assignment of error provides as follows: "Mr. Huddleston was denied effective assistance of counsel."
 {¶ 16} In order to substantiate a claim of ineffective assistance of counsel, an appellant must demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v.Washington (1984), 466 U.S. 668. A reviewing court need not examine counsel's performance if appellant fails to prove the second prong of prejudicial effect. State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 17} Huddleston argues that his trial counsel was ineffective at the sexual classification hearing for failing to call the author of the court psychiatric report to explain his findings and evaluations. He states that the report was favorable toward him.
 {¶ 18} As the state aptly argues, defense counsel may not have wanted to provide the state with the opportunity to cross-examine the author on his findings. Indeed, a sound legal strategy may be to refrain from calling a witness *Page 8 
to testify when that testimony may work against the client. Regardless, in the instant case, Huddleston has failed to show that had the author been called to testify, the result of his classification hearing would have been different. His third assignment of error is overruled.
 {¶ 19} Huddleston's fourth assignment of error provides as follows: "R.C. 2950.031 violates the Due Process Clauses of the United States and Ohio Constitutions."
 {¶ 20} Former R.C. 2950.031(A), now amended and recodified at R.C. 2950.034, provided as follows: "No person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to either a sexually oriented offense that is not a registration-exempt sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises." 150 Ohio Laws, Part IV, 6657.
 {¶ 21} In this case, Huddleston waived any challenge to the constitutionality of R.C. 2950.031 by failing to raise the issue in the trial court. State v. Peak, Cuyahoga App. No. 90255, 2008-Ohio-3448. Additionally, Huddleston lacks standing to challenge the constitutionality of R.C. 2950.031 because he never claimed that he resided within 1,000 feet of a school, or that he was forced to move from an area because of his proximity to a school. See id.
 {¶ 22} Nevertheless, this court has previously recognized: "The United *Page 9 
States Supreme Court has held that laws imposing regulatory burdens on individuals convicted of crimes without any corresponding risk assessment do not impose ex post facto punishment. State v.Ferguson, [Cuyahoga App. No. 88450, 2007-Ohio-2777], citing De Veau v.Braisted (1960), 363 U.S. 144 at 160, 80 S.Ct. 1146, 4 L.Ed.2d 1109. Specifically, a State's determination to legislate a residency restriction on convicted sex offenders as a class, rather than require an individual determination of their dangerousness, does not make the residency restriction a punishment under the ex post facto clause.State v. Ferguson, supra, citing Smith v. Doe (2003), 538 U.S. 84, 104,123 S.Ct. 1140, 155 L.Ed.2d 164." State v. Caraballo, Cuyahoga App. No. 89757, 2008-Ohio-2046.
 {¶ 23} Accordingly, Huddleston's fourth assignment of error is overruled.
 {¶ 24} Huddleston's fifth assignment of error provides as follows: "The state failed to prove `by clear and convincing evidence' that appellant `is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 25} The law in effect at the time of Huddleston's hearing, R.C. 2950.09(B)(4), required a trial court to determine by clear and convincing evidence that an offender is a sexual predator.[1] A sexual predator is an individual who has been convicted of a sexually oriented offense and is likely to commit a sexually oriented offense in the future. R.C. 2950.01(E)(1). *Page 10 
 {¶ 26} In making a sexual-predator determination, a trial court should consider all relevant factors, which include, but are not limited to, the following: the offender's age, the offender's prior criminal record, the age of the victim, whether the sexually oriented offense for which sentence was imposed involved multiple victims, whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting, whether the offender has participated in available programs for sexual offenders, any mental illness or mental disability of the offender, the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse, whether the offender displayed cruelty during the commission of the crime, and any additional behavioral characteristics that contributed to the offender's conduct. R.C. 2950.09(B)(3); State v. Shields, Cuyahoga App. No. 85998,2006-Ohio-1536.
 {¶ 27} A trial court is not required to individually assess each of these statutory factors on the record, nor is it required to find a specific number of these factors before it can adjudicate an offender a sexual predator, so long as its determination is grounded upon clear and convincing evidence. State v. Ferguson, supra; State v. Purser,153 Ohio App.3d 144, 149, 2003-Ohio-3523. "Because sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence *Page 11 
standard and may not be disturbed when the trial judge's findings are supported by some competent, credible evidence." State v. Wilson,113 Ohio St.3d 382, 390, 2007-Ohio-2202.
 {¶ 28} In this case, Huddleston claims that there was insufficient evidence to support the determination that he is a sexual predator. Huddleston relies heavily upon the results of the Static-99 test, which rated him in the medium risk category for reoffending, and states that in applying this report one cannot conclude that he will "more likely than not" reoffend in the future.
 {¶ 29} This court has consistently recognized: "a trial court is not required to rely solely on psychiatric findings or opinions in its determination regarding the likelihood of recidivism. State v.Robertson, 147 Ohio App.3d 94, 101, 2002-Ohio-494, 768 N.E.2d 1207. Rather, the psychiatric evidence is to be viewed in totality with the other evidence before the court. Id." Peak, supra; Caraballo, supra;State v. Johnson, Cuyahoga App. No. 88600, 2007-Ohio-3072.
 {¶ 30} Here, the record reflects that the trial court considered the psychiatric evidence together with all of the other evidence and relevant factors, including those specified in R.C. 2950.09(B). Huddleston pled guilty to rape, which is a sexually oriented offense. The trial court considered the nature of the offense which exhibited cruelty. The trial court found that Huddleston had previously been convicted of a sexual crime involving an 11-year-old girl. That *Page 12 
offense was just two years before the indictment in this case. Further, the trial court found that Huddleston had reoffended in a much more serious offense.
 {¶ 31} After considering the evidence, the statutory factors, and the arguments of counsel, the trial court found by clear and convincing evidence that Huddleston was a sexual predator. Upon our review, we find that there was competent, credible evidence of a clear and convincing nature that supports the conclusion that Huddleston is likely to commit future sex offenses. We conclude that the trial court did not err in classifying Huddleston as a sexual predator. His fifth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] R.C. 2950.09 was repealed effective January 1, 2008. *Page 1