JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, William Blanchard, appeals from his convictions and sentences for four counts of unlawful sexual conduct with a minor and fifteen counts of pandering sexually oriented matter involving a minor. He urges that his guilty plea was not knowing and voluntary, that the court erred by failing to merge some of the offenses for purposes of sentencing, that the sentence imposed violated his due process rights, and that his classification as a Tier II offender under the Adam Walsh Act violates the retroactivity clause of the Ohio Constitution and the ex post facto clause of the United States Constitution. We find no error in the proceedings below and affirm the trial court's judgment.
 {¶ 2} Appellant was charged in a fifty-four count indictment filed August 16, 2007, with six counts of unlawful sexual conduct with a minor, thirty-two counts of pandering sexually oriented material involving a minor, and sixteen counts of illegal use of a minor in nudity-oriented material. On November 6, 2007, he pleaded guilty to four counts of unlawful sexual conduct with a minor and fifteen counts of pandering. In a journal entry filed January 22, 2008, the court sentenced appellant to five years' imprisonment on each of the charges of unlawful sexual conduct, running counts one and two concurrently and counts three and four concurrent to one another but consecutive to counts one and two. The court further sentenced appellant to eight years' imprisonment on each of *Page 4 
the pandering charges, running every three charges concurrent to one another but consecutive to the other charges, for a total of fifty years' imprisonment.
 {¶ 3} We address appellant's fourth assignment of error first, because it concerns the validity of his guilty plea. Appellant argues that his guilty plea was not knowingly and voluntarily entered because the court misinformed him by telling him that he would be subject to a sexual predator classification hearing under H.B. 180, but not also advising him about his future obligations under the Adam Walsh Act. We disagree.
 {¶ 4} Both the Ohio and the United States Constitutions require that a defendant entering a guilty plea must do so knowingly, intelligently and voluntarily. Waiver of constitutional trial rights must be express; the trial court must strictly comply with the dictates of Crim. R. 11(C)(2)(c) in informing the defendant of the constitutional rights he is waiving by pleading guilty. State v. Veney, 120 Ohio St.3d 176,2008-Ohio-5200. Where non-constitutional aspects of the plea colloquy are in question — for example, the requirement that the court ensure that the defendant understands the nature of the charges and the maximum penalty, and the effect of his plea — only substantial compliance with the dictates of Crim. R. 11(C)(2)(a) and (b) is required. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, *Page 5 
intelligently, and voluntarily made must show a prejudicial effect." (Citations omitted.) State v. Nero (1990), 56 Ohio St.3d 106, 108. To demonstrate prejudice in this context, the defendant must show that the plea would otherwise not have been entered. Id.
 {¶ 5} Appellant's contention that the trial court did not inform him about the future application of the Adam Walsh Act before he entered his plea does not allege that the court failed to inform him of a constitutional right, but rather, that the court failed to inform him of one of the effects of his plea. We therefore review the trial court's colloquy for substantial compliance with Crim. R. 11(C)(2)(b).
 {¶ 6} First, contrary to appellant's assertions, the court did not misinform appellant. The information provided by the court regarding sexual predator classification hearings was accurate and relevant at the time the court accepted appellant's plea. Had appellant been sentenced before January 1, 2008, a sexual predator classification hearing would have been required. Appellant argues that the court should also have notified him that, after January 1, 2008, he would be automatically classified under the Adam Walsh Act, and no sexual predator hearing would be held. However, we fail to see how appellant was prejudiced by the court's failure to inform him of this. Appellant was informed that he would have registration duties. He does not explain, nor can we determine, how his decision to enter his plea would have been affected had he known the specific *Page 6 
registration duties that would be imposed by the Adam Walsh Act. Therefore, appellant has failed to demonstrate prejudice.
 {¶ 7} The notification and registration duties imposed on sexual offenders are remedial and civil in nature and are not a part of the sentence. State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 32. While appellant would become subject to the Adam Walsh Act after that act went into effect on January 1, 2008, the court had no obligation to inform him of this future collateral consequence before it accepted his plea. State v. O'Neill, Mahoning App. No. 03 MA 188, 2004-Ohio-6805, ¶ 36; cf. State v. Ward (1999), 130 Ohio App.3d 551, 575. The Adam Walsh Act itself did not even require the court to provide such notice to a defendant sentenced to a term of imprisonment[1] prior to January 1, 2008; rather, the Ohio Attorney General provided notice to offenders imprisoned before January 1, 2008. See R.C. 2950.03(A)(5)(c) (d), 2950.032. We cannot say that it was essential to the entry of a "knowing" plea to inform the defendant of a future obligation under a new law not yet in effect. Therefore, we overrule the fourth assignment of error.
 {¶ 8} In his first assignment of error, appellant contends that the court erred by failing to find that the pandering charges were allied offenses of similar *Page 7 
import and to merge the convictions for sentencing. In each count to which appellant pleaded guilty, the indictment charged that on June 11 to June 16, 2007, appellant "did, with knowledge of the character of the material involved, create, record, photograph, film, develop, reproduce or publish any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality, in violation of Section 2907.322 of the Revised Code." Appellant contends that the photographs that were the subject of these charges were taken in quick succession and were not separate and distinguishable offenses.
 {¶ 9} R.C. 2941.25 provides:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
 {¶ 10} The Ohio Supreme Court has recently noted that "R.C. 2941.25 is a legislative attempt to codify the judicial doctrine of merger, i.e., the principle that `a major crime often includes as inherent therein the component elements of other crimes and that these component elements, in legal effect, are merged into the major crime.' * * * Therefore, the proper disposition of matters involving allied offenses of similar import committed with a single animus is to merge the crimes into a single conviction." State v.Brown, 119 Ohio St.3d 447, 2008-Ohio-4569. *Page 8 
 {¶ 11} The Supreme Court has generally applied a two-part test to determine whether offenses are allied and should be merged. First, "the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step."State v. Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, ¶ 14. Under the second step, the court must determine whether the crimes were committed separately or with a separate animus. If they were, then the defendant may be convicted of both offenses. Id.
 {¶ 12} In this case, the charges are identical, so the elements of the crimes charged are, of course, identical. However, the mere fact that the crimes occurred in quick succession (if indeed this is a fact[2]) does not mean that they were not committed separately or with separate animus. Each involved a separate physical act to take the photograph, and resulted in a separate photographic image. Therefore, the court did not err by failing to merge the pandering charges.
 {¶ 13} In his second assignment of error, appellant contends that the *Page 9 
aggregate sentence of fifty years' imprisonment was excessive, contrary to law, and based upon personal animus and other improper considerations. First, he complains that the court discussed considerations relevant to his sentencing with his attorney outside of his presence, in violation of his due process right to be present at all critical stages of the proceedings. The fact that the court expressed some preliminary concerns to counsel before the sentencing hearing began actually provided counsel with an opportunity to address those concerns at the hearing. The court stated on the record that she had commented to counsel for both the defendant and the state that "neither she [defense counsel] nor I would have ever been involved with somebody like you. Neither would we have at 15 years old have ever been involved with someone like you." The point of this comment was that the court believed that appellant preyed on certain types of women, and this "type" did not include the judge or defense counsel. Counsel addressed this issue in her argument. She pointed out that appellant had no other sex related offenses, and disputed the prosecutor's argument that appellant was "grooming" young victims. Appellant was not deprived of the right to be present at all critical stages of the proceedings.
 {¶ 14} Next, appellant claims the court imposed a sentence that was disproportionate to the sentence imposed for similar crimes committed by similar offenders. Appellant has failed to demonstrate that his sentence was disproportionate. None of the cases to which he compares himself involves *Page 10 
pandering. Instead, the most serious offenses involved in those cases were either gross sexual imposition and/or unlawful sexual conduct with a minor, both third degree felonies. Pandering is a second degree felony, more serious than these offenses, and appellant was convicted of fifteen counts. Therefore, we reject this argument.
 {¶ 15} Appellant finally argues that the sentences imposed upon him are excessive. The sentences are not contrary to law. The unlawful sexual conduct charges were third degree felonies, subject to a maximum term of five years; the pandering charges were second degree felonies subject to a maximum term of eight years. Thus, the sentences imposed were within the statutory range. See State v. Kalish, 120 Ohio St.3d 23,2008-Ohio-4912, ¶ 18. Nor did the court abuse its discretion in imposing consecutive maximum sentences. The court explained on the record that it was basing its sentences on appellant's anti-social personality and his extensive history of criminal behavior throughout the United States dating back to 1979. In fact, appellant was on parole at the time of these offenses. The court described appellant as a "groomer" who created situations to make it appear that his victims had voluntarily come to him. The court concluded that appellant posed a "very serious risk to the community." The court's decision to impose maximum consecutive sentences on a defendant whom it considered (with good reason) to be a very serious risk to the community was not arbitrary, unreasonable, or unconscionable. Therefore, we overrule the *Page 11 
second assignment of error.
 {¶ 16} Appellant finally argues that his classification as a Tier II sex offender under the Adam Walsh Act violates the retroactivity clause of the Ohio Constitution and the ex post facto clause of the United States Constitution. The Ohio Supreme Court has previously rejected similar challenges to prior versions of R.C. Chapter 2950. See, e.g.,State v. Ferguson, 120 Ohio St.3d 7, 2008-Ohio-4824; State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291.
 {¶ 17} We begin with the presumption that the Adam Walsh Act, like any statute enacted in this state, is constitutional. Ferguson, at ¶ 12. This presumption governs unless appellant establishes, beyond a reasonable doubt, that it is unconstitutional. Id.
 {¶ 18} "The analysis of claims of unconstitutional retroactivity [under the Ohio constitution] is guided by a binary test." Id. at 13. First, we must determine whether the Ohio legislature has expressly made the statute retrospective. If the legislature did intend for the statute to apply retroactively, then we must determine whether the statute is remedial or if it affects a substantive right.
 {¶ 19} It is clear that the Adam Walsh Act applies retrospectively to offenders whose crimes were committed before the Act took effect. As the Ohio Supreme Court noted in Ferguson in connection with a prior version of Chapter 2950, the Adam Walsh Act clearly states that it applies to offenders whose *Page 12 
crimes were committed before the act took effect. See, e.g., R.C. 2950.04(A)(2) ("Regardless of when the sexually oriented offense was committed, each offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to a sexually oriented offense shall comply with the following registration requirements. . . ."); R.C. 2950.041(A)(2) ("Regardless of when the child-victim oriented offense was committed, each offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to a child-victim oriented offense shall comply with all of the following registration requirements"). Like the court in Ferguson, we must assume that the legislature was aware of the court's holding in Cook, and intended that the Adam Walsh Act would also apply retrospectively.
 {¶ 20} Turning next to the question whether the amendments are remedial in nature or whether they affect substantial rights, appellant does not argue that any specific provisions of the act are punitive in nature, but points to the recent opinion of Judge Suster in Evans v.State, Cuyahoga County Common Pleas Court Case No. CV-646797.
 {¶ 21} The persuasive authority of Judge Suster's decision is mitigated by the fact that that decision is now pending before us on appeal. Evans v. State, Cuyahoga App. No. 91595. Nonetheless, we consider the opinion as setting forth the arguments appellant intends to make. Judge Suster noted the increased burden the Walsh Act places on offenders, requiring them to report more *Page 13 
frequently and for a longer period of time than before.[3] However, the Supreme Court in Ferguson stated that even lifetime registration requirements (to which this appellant is not subject as a Tier II offender) do not demonstrate any legislative intent to punish offenders, but are only an "effort to better protect the public from the risk of recidivist offenders by maintaining the predator classification so that the public had notice of the offender's past conduct-conduct that is arguably indicative of a future risk." Ferguson, at ¶ 35.
 {¶ 22} Judge Suster also suggested that the residency restrictions set forth in R.C. 2950.034 were punitive. Residency restrictions are not new to the Walsh Act. This court has previously held that residency restrictions are not punitive in nature. State v. Peak, Cuyahoga App. No. 90255, 2008-Ohio-3448, ¶ 9; State v. Caraballo, Cuyahoga App. No. 89757, 2008-Ohio-2046, ¶ 20-25.[4]
 {¶ 23} Accordingly, we hold that appellant has failed to demonstrate that the Adam Walsh Act is an unconstitutional retroactive law.
 {¶ 24} In arguing that the Adam Walsh Act is an unconstitutional ex post facto law under the United States Constitution, appellant does not make any *Page 14 
independent argument, but again relies entirely on Judge Suster's analysis in Evans. The Ohio Supreme Court in Ferguson, at ¶ 43, found that R.C. Chapter 2950 was a civil, remedial statute and therefore could not be determined to be an ex post facto law, pursuant to Seling v.Young (2001), 531 U.S. 250. We have found nothing in the Walsh Act that would lead us to reach a different conclusion. Therefore, we overrule the third assignment of error.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., CONCURS
JAMES J. SWEENEY, J., CONCURS IN PART
AND DISSENTS IN PART (SEE ATTACHED OPINION)
[1] When the sentencing occurred between July 1, 2007 and January 1, 2008, the statute required the court to inform a defendant of his or her duties under the Adam Walsh Act only if the defendant was not being sentenced to a term of imprisonment. R.C. 2950.032(C).
[2] There is no evidence in the record about how quickly the photographs were taken. Appellant's counsel orally informed the court that the photographs were taken in very quick sequence. However, the photographs do not bear any evidence of this, and the images themselves are not all apparently sequential.
[3] In passing, we note the Adam Walsh Act actually requires the appellant in this case to report for a shorter period of time — 25 years — than the prior version of R.C. Chapter 2950 would have required if appellant had been adjudicated a sexual predator. Since the prior — constitutional — law was more onerous than the Adam Walsh Act in this case, we have little difficulty concluding that appellant has not demonstrated that the Adam Walsh Act is unconstitutional as applied to him.
[4] We note, however, that this issue was not argued in the Ohio Supreme Court in Ferguson.